*R. R. Jones,* contra.

### DARDEN *v.* THE STATE.

ATKINSON, J. After conviction of murder, with recommendation to mercy, the defendant's motion for a new trial was overruled, and he excepted. The first special ground of the motion for a new trial complains that the court erred in permitting the sheriff to testify, "over objections then and there made," which of "the various statements" of a named witness "was the truth." The questions propounded to the sheriff and the objections and answers were set forth. One objection to a question was that it was "leading and inadmissible." The form of the question was then changed; whereupon the defendant's attorney urged the further objection "that a conversation between sheriff and prosecuting attorney is not admissible." The court stated: "I believe I will leave it out." After this the sheriff, in response to further questions, delivered testimony as to investigations he had made and as to his opinion that one story of the witness was "more truthful than any one he had told," and that "we" had not "succeeded in breaking" it. The defendant's attorney then urged the objection that "it is absolutely inadmissible, and . . clearly without the rule." The ground of the motion for a new trial did not set forth the language or substance of any story of the witness to which the questions and answers related. *Held:*

(*a*) The objection that the first question was leading was met by change of the form of the question.

(*b*) The remaining objections failing to state the ground upon which they were based were insufficient.

(*c*) The story referred to should have been set forth, in order to show harmful effect to the defendant, if any would appear.

2. There was some evidence tending to show intoxication of the defendant at the time of the homicide. While instructing on justifiable homicide, based on reasonable fears, as provided in the Penal Code, § 71, the judge charged the jury, "that, to justify a homicide, the fears of the slayer

must be those of a reasonably courageous man, reasonably selfpossessed, and not those of a coward." *Held*, that the charge was not erroneous on the ground, as contended, that it "unduly emphasized the contentions of the State . . that the defendant was drunk, [and] . . magnified the contentions of the prosecution and minimized the contentions of the defense, and carried with it, by inference at least, that the homicide was the cowardly act of a drunken man."

3. The judge charged: "1 charge you that when it has been made to appear, beyond a reasonable doubt, that the defendant shot and killed the deceased, with a weapon likely to produce death, used in a way and manner likely to produce death, the presumption of his innocence falls, and the presumption of his guilt of murder arises against him that he killed the deceased, that the killing was malicious, and if the fact of the killing has been made to appear, unless justification, mitigation, or excuse is shown by the evidence, either introduced by the State, the evidence introduced by the defendant, or the defendant's statement, which you believe to be true, it would be your duty to find the defendant guilty of murder." *Held:*

(a) The presumption mentioned in this excerpt being merely prima facie and not a conclusive presumption, the instruction was not erroneous, as contended, for the reasons (1) that it withdrew from the jury the question of voluntary manslaughter as shown by the evidence; (2) that it denied the defendant the legal presumption of innocence and was confusing to the jury.

(b) This ruling does not conflict with the decisions in *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), and *Green* v. *State*, 124 *Ga.* 343 (4-5) (52 S. E. 431).

4. The charge, "If justification, mitigation, or excuse is shown, it would not be your duty to find the defendant guilty of the offense of murder," was not erroneous on the ground that it was an inference "that the jury might find the defendant guilty of the offense of *murder* although justification, mitigation, or excuse be shown," the correct rule being that it would be their duty "to find the defendant *not guilty.*"

5. The court charged, in reference to the defendant's statement before the jury: "He has made a statement to you in his own behalf. In doing so he was not sworn, was not subject to cross-examination unless he consented thereto; if he failed to tell you the truth, he incurred no penalty by reason of such failure; you may give his statement just such weight as you may believe it ought to have; you may believe it as a whole or reject it as a whole, you may believe it in part and reject it in part; you have the right to believe it in preference to the sworn testimony in the case, provided you believe it to be the truth." *Held*, that this charge was not erroneous because it was not in the language of the Penal Code, § 1036, and because the language "if he failed to tell you the truth he incurred no penalty by reason of such failure" was "not authorized."

6. The omission of the judge, without appropriate request, to charge the law relating to conflicting evidence and the credibility of witnesses was not cause for a reversal of the judgment refusing a new trial.

7. The Penal Code, § 74, provides: "Parents and children may mutually protect each other, and justify the defense of the person or reputation of

each other." Section 75 provides: "All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide." The judge gave section 74 in charge to the jury and other instructions upon the law of justifiable homicide, but did not charge the language of section 75. The two sections above quoted both refer to justifiable homicide; and in view of the entire charge on that subject, if the defendant desired the court to give in charge the provisions of § 75, an appropriate request should have been made. In the circumstances the omission to charge in the language of § 75, without request, was not cause for reversal.

8. The evidence was sufficient to support the verdict, and there was no error in refusing the defendant a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 7453. SEPTEMBER 13, 1930.

*Whitaker & Whitaker,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* and *J. M. Neel Jr.,* contra.