## 22274. HERNDON *v.* THE STATE.

BROYLES, C. J. 1. The indictment charged that the defendant broke and entered "the storehouse formerly owned by Mrs. Alice Simmons Bagley, and being a storehouse where valuable goods and merchandise were stored, and wherein a mercantile business was carried on until the death of the said Mrs. Alice Simmons Bagley, and since her death said store being operated by and in the possession of G. W. Bagley as the executor of the last will and testament of the said Mrs. Alice Simmons Bagley," with the intent to commit a larceny, and, having so broken and entered, did privately take therefrom and carry away, with intent to steal the same, "one blue denim shirt of the value of 75 cents, 5 yds. of sateen of the value of 75 cents, 5 yds. of broadcloth of the value of $1.50, 8 yds. of percale of the value of 80 cents, one khaki shirt of the value of 75 cents, and 5 yds. of sheeting of the value of 50 cents; of the personal goods of G. W. Bagley as executor aforesaid and of the value of $5."

(*a*) The indictment was not subject to the second ground of the special demurrer, which averred that the ownership of the storehouse (alleged to have been burglarized) at the time of the alleged burglary was not alleged, and that the indictment failed to show whether said storehouse at that time "was the property of said Mrs. Alice Simmons Bagley, or was the property of her estate, or of her executor G. W. Bagley."

(*b*) Nor was the indictment subject to the third ground of the demurrer, which averred "that the property alleged to have been taken from said storehouse is not sufficiently described so as to put this defendant upon notice of just what property he is charged with taking." The cases cited by counsel for the plaintiff in error are distinguished by their particular facts from this case.

(*c*) The remaining ground of the demurrer is not insisted upon in the brief of counsel for the plaintiff in error, and therefore is treated as abandoned.

2. Special grounds 1, 2, and 3 of the motion for a new trial show no harmful error.

3. Special ground 4 of the motion (complaining of the admission of cer-

tain testimony) raises no question for the consideration of this court, since it does not appear in the ground that any objection was made to the admission of the testimony.

4. Special ground 5 of the motion alleges that in a colloquy between the judge and counsel for the movant the judge intimated that a certain material "allegation" had been proved. No motion for a mistrial was made. "The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused. Furthermore, if the judge, under such circumstances, should make a statement prejudicial to the accused, this court could not consider any complaint thereof, in the absence of a timely motion for a mistrial based thereon." *Waddell* v. *State*, 29 *Ga. App.* 33 (5) (113 S. E. 94).

5. The charge upon the recent possession of stolen property, while not as clearly expressed as it might have been, substantially gave the law upon that subject and was not error for any reason assigned.

6. Under repeated rulings of the Supreme Court and of the Court of Appeals, it is not error for the judge to fail to instruct the jury upon the question of the credibility of witnesses, or upon any conflict between their testimony, or upon any conflict between the testimony and the defendant's statement, in the absence of a timely and appropriate written request.

7. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*