## 30218. BERRY *v*. THE STATE.

DECIDED OCTOBER 19, 1943. REHEARING DENIED NOVEMBER 11, 1943.

*James R. Venable, Frank A. Bowers, J. L. Barwick,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was convicted in the criminal court of Fulton County of the offense of vagrancy. Subsequently his certiorari was overruled by a judge of the superior court, and that judgment is assigned as error. The first assignment of error in the petition for certiorari is that the verdict and sentence are contrary to law and the evidence.

The evidence, while somewhat conflicting, authorized the verdict and sentence. The defendant's statement to the jury would have authorized an acquittal; but evidently his statement was rejected by the jury. Error is also assigned on the refusal of the court to declare a mistrial under the following circumstances:

During his argument to the jury, the solicitor said: "Gentlemen, just look at the defendant's clothes, he is dressed up better than anyone." At that point counsel for the defendant interrupted the solicitor, and moved for a mistrial on the ground that the reference to the defendant's clothes was improper and highly prejudicial. He also asked that the solicitor be reprimanded. The court overruled the motion, and did not reprimand the solicitor. Conceding, but not deciding, that the reference to the defendant's clothes was improper, we fail to see how it was prejudicial to the defendant. He was being tried for vagrancy, and vagrants generally, are poor and badly dressed. It is possible that the defendant put on his best clothes to impress the jury with the idea that he had an income sufficient for his support, and therefore was not a vagrant. The refusal to declare a mistrial and to rebuke the solicitor shows no cause for reversal of the judgment.

Error is also assigned on the following instruction to the jury: "You, gentlemen, are made by law the exclusive judges as to the credibility of the witnesses who have testified . . in this case." The exception is, that the instruction was incomplete and confusing to the jury, and that the court should have added substantially the following: "You have the right to take into consideration the interest or want of interest of the witnesses who have testified here, their demeanor on the stand, their means of knowledge of the facts to which they testified, their intelligence or lack of intelligence, and their personal credibility so far as the same may be legitimately shown to you, also the facts to which they testified." It is well settled that where the judge does not attempt to instruct the jury upon the rules by which they can test the credibility of witnesses, the failure to give such instructions, without an appropriate and written request therefor, is not cause for a new trial. *Freeman* v. *Coleman Co.,* 88 *Ga.* 421 (3) (14 S. E. 551); *Childs* v. *Ponder,* 117 *Ga.* 553 (4) (43 S. E. 986); *Darden* v. *State,* 171 *Ga.* 160 (6) (155 S. E. 38); *Byrd* v. *Grace,* 43 *Ga. App.* 255 (3) (158 S. E. 467); *Herndon* v. *State,* 45 *Ga. App.* 360 (6) (164 S. E. 478). Applying these decisions to the facts of this case, the omission of the court complained of is not cause for a new trial.

The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*