WHITT *v.* THE STATE.

No. 16152. APRIL 14, 1948.

*Gordon A. Smith, Alton T. Milam, E. B. Judge,* and *James Glen Lamar,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, William Hall,* and *Margaret Hartson,* contra.

ATKINSON, J. (After stating the foregoing facts.) ■ The evidence was sufficient to authorize the verdict.

.■ The first ground of the amended motion alleges error, in · that the judge charged the jury, "You are made by law the exclusive judges of the evidence and of the credibility of the witnesses;" and that this was confusing without further charging that they may consider the witnesses' manner of testifying, their intelligence, means and opportunities of knowing facts, nature of facts to which they testify, probability or improbability of their testimony, interest and want of interest. There is no merit in this ground. Without an appropriate request, the omission of the trial judge to charge the law relating to conflicting evidence and the credibility of witnesses is not cause for a new trial. *Lewis* v. *State,* 125 *Ga.* 48 (1) (53 S. E. 816); *Darden* v. *State,* 171 *Ga.* 160 (6) (155 S. E. 38); *Herndon* v. *State,* 45 *Ga. App.* 360 (6) (164 S. E. 478); *Berry* v. *State,* 70 *Ga. App.* 112 (27 S. E. 2d, 563).

■ The second ground of the amended motion, not being argued or insisted on, will be treated as abandoned. By the third ground error is asserted, "Because the court erred in failing to charge the principle of law regarding the remoteness of the facts testified to the crime charged." A State's witness testified: "I saw Sam Whitt, the defendant. . . I saw him along just before Christmas last year. I saw he and his wife . . they were fussing.

Sam jerked Margret around and said, 'Margret, you don't know how close you come to meeting your death." The attorney for the accused stated: "I respectfully submit any conversation had that remote from the alleged crime, which was in March, that is not material to the issue, and I ask the court that it be stricken out." To which the court said: "I think it is going to be a matter the jury has got to pass on, whether they will consider that. Gentlemen, you may consider this testimony in relation to the time this conversation took place and determine in your own mind whether it had any connection with the particular event for which he is on trial now. I will leave that entirely in your hands to determine. If you don't think it had any connection with it, any reasonable relationship, why, you disregard it." In view of the foregoing instructions to the jury given at the time of the admission of the testimony, it was not error, in the absence of a timely written request, to fail to charge the jury further what consideration, if any, should be given this evidence. Such preliminary instructions are not untimely or improper. *Bryant* v. *State,* 191 *Ga.* 686 (12) (13 S. E. 2d, 820).

*Judgment affirmed. All the Justices concur.*