### 40540. HORNE-WILSON, INC. v. SMITH.

DECIDED MAY 6, 1964.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Oliver K. Mixon,* contra.

BELL, Presiding Judge. ■ The evidence in this case does not authorize the verdict for the defendant.

(a) The plaintiff proved its case as alleged by presenting evidence to show among other things: (1) that the subcontractor to which it had furnished the materials had become a bankrupt, thus eliminating the condition precedent that a judgment be acquired against the subcontractor prior to enforcing a special lien on the realty against the owner (*Code Ann.* § 67-2002 (2)); (2) that the claim of lien was filed within three months after the material was furnished (*Code Ann.* § 67-2002 (2)); (3) that the action seeking recovery of the amount of the claim was commenced within 12 months after the claim became due (*Code Ann.* § 67-2002 (3)); (4) that no portion of the contract price represented by the lien had been paid; and (5) that the materials had been furnished in compliance with the materialman's contract. *Code Ann.* § 67-2002 (1).

(b) The defendant contends that the evidence does not show a delivery of the materials to the construction project or that the materials were used in it. This is demonstrated, he argues, by the fact that the invoices for the materials were not signed by anyone as having been received. The argument, however, is faulty, as the invoices in evidence clearly exhibit that the materials were shipped to the subcontractor for use in the Heart-of-Augusta Motel being constructed on the realty in question. This creates the presumption *in absence of evidence to the contrary* that the materials were received and used by the subcontractor in accordance with the purpose for which they were supplied. *Ingalls Iron Works v. Standard Ins. Co.,* 107 Ga. App. 454, 459 (130 SE2d 606). This presumption stands unrefuted and unquestioned by any evidence in the record.

(c)  The defendant contends that those portions of his answer introduced in evidence by the plaintiff are sufficient to support the jury's verdict in his favor.

We are constrained to disagree.

Assuming arguendo that the submission in evidence of the allegedly available sworn statement of Gingrey, the contractor, would have constituted a defense, the record shows that the affidavit was not in evidence and the mere naked assertion that the defendant "can produce" it has no evidentiary value.  Further, the portions of the answer in evidence clearly show that the contract price had not been paid.

The plaintiff having proved its case as laid, and there being no evidence whatever introduced by the defendant to sustain the defense relied upon, a verdict for the plaintiff was demanded, and the trial court erred in not setting aside the verdict for the defendant and granting a new trial.  *Wardlaw v. Frederick,* 13 Ga. App. 594 (5)  (79 SE 523) ; *Hampton v. Thomas,* 11 Ga. 317 (1), 319.

■  The sole special ground of the motion for new trial complains of the trial court's refusal to permit to be read in evidence an identified portion of testimony given by the defendant in a previous lien foreclosure case.  The defendant was not in court when the present case was tried.

The language of the special ground itself clearly reveals that the defendant was not "inaccessible" as a witness within the meaning of the rules enunciated by Judge Eberhardt in *Myrick v. Sievers,* 104 Ga. App. 95 (6), 101, supra.  While the defendant was *absent* on the trial he was not *"inaccessible."* There is a vast difference between the meaning of these two words.  The serving of a subpoena on the defendant could have cured the problem of his "absence."  It is only where a witness is beyond the subpoena process of the trial court, or is non compos mentis and thus is incapable of testifying, that he is "inaccessible" within the meaning of the *Myrick* case.

*Judgment reversed on the general grounds only.  Jordan and Eberhardt, JJ., concur.*