### 25462. McDANIEL v. THE STATE.

NICHOLS, Justice. Richard Earl McDaniel was indicted; tried and convicted of the offense of rape. Upon a recommendation of mercy by the jury, the defendant was sentenced to life imprisonment. A motion for new trial was filed and overruled and the present appeal filed. The sole enumeration of error is that the trial court erred in failing to instruct the jury on the presumption of innocence. *Held:*

An instruction to a jury while evidence is being admitted is not untimely or improper (see *Bryant v. State,* 191 Ga. 686, 718 (13 SE2d 820)), and in the absence of a timely request it is not error to fail to charge further. *Whitt v. State,* 203 Ga. 538, 540 (47 SE2d 580).

In the present case after a colloquy between the court and counsel for the defendant the court instructed the jury: "Gentlemen of the jury, the obligation will be yours to pass on the facts and apply the law to the facts and to make the decision. Everybody is presumed to be innocent until proven

guilty beyond a reasonable doubt . . . and there has been a good deal of controversy between counsel in the case, and the court has tried to let them put in what the law authorizes and give the man a fair trial. But you do keep in mind all the time that the presumption of innocence is in his favor, and what the court says and what counsel says, unless it is based on the law and the facts, you wouldn't consider it." During the formal charge the court instructed the jury: "To this charge the defendant has entered his plea of not guilty, and the effect of such plea is to place upon the State the burden of proving to you beyond a reasonable doubt the guilt of the accused." Thereafter the court repeatedly instructed the jury on the State's burden to prove the defendant's guilt beyond a reasonable doubt. Accordingly, since the jury was properly instructed as to the presumption of innocence and the burden of proof, the sole enumeration of error relied upon in the appeal is without merit.

*Judgment affirmed. All the Justices concur.*

Argued October 15, 1969—Decided November 6, 1969.

*Jess Watson, Margaret Hopkins,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Melvin England, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.