### 45849. BUTLER v. GARRISON et al.

EBERHARDT, Judge. Larry Butler contracted with Frank Gowder to construct a residence on his property, and Gowder purchased materials for so doing from O. S. Garrison's Sons. All items were purchased by Gowder and invoiced to him for the "Butler job" except the last, which was purchased by Butler himself. Gowder did not pay, and Garrison filed and had recorded a claim for lien within three months after the furnishing of the last item, and brought suit to obtain a personal judgment against Gowder and to foreclose the lien against Butler's property. Gowder did not answer or defend. Butler defended, and the matter came on for trial. Called for cross examination Mr. Butler admitted that he had contracted with Gowder for construction of a residence on the property against which a claim of lien had been filed, that the house had been completed and that he assumed that the materials used in its construction were purchased from Garrison's, and that he had not paid Garrison—though he "had paid Gowder and it was up to him to pay the bills."

M. E. Garrison testified, identifying invoices representing the charges made for materials to the "Butler job" and asserted that there was owing therefor the sum of $4,315.03. As to whether the materials were delivered to the job, he testified that while he did not personally do so, they were loaded on a truck at his place of business for delivery to the job and that his employees took them to the job.

It does not appear that the owner took an affidavit from the contractor as is provided for in *Code Ann.* § 67-2001 (2) (*Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (171 SE2d 782)), or that there has been any waiver of his lien by the materialman.

A verdict was directed for plaintiff, and defendant appeals, enumerating as error (a) the direction of the verdict because of a factual issue as to whether the materials were delivered to the job, (b) the refusal of the court to permit counsel for the defendant to inquire of Mr. Garrison regarding dealings which he may have had with a contractor named Lathem, (c) admission of a conversation between plaintiff and defendant Gowder, not had in Butler's presence, (d) admission of a conversation which plaintiff had with defendant Butler concerning the amount owing to plaintiff and a proposed arrangement for taking care of it, and (e) admission of the claim for lien and the invoices for the materials. *Held:*

1. Concerning proof of delivery of the materials to the job, we think the evidence here was amply sufficent to bring it within the ruling made in *Horne-Wilson, Inc. v. Smith,* 109 Ga. App. 676 (137 SE2d 356).

2. There was no error in refusing to permit the questioning of Garrison as to dealing with another contractor at some other time, relative to some other job, and who had no connection whatever with the Butler job. *Code* § 38-201. Whether that contractor may have wrongfully taken materials from one job and used them on another could throw no light on the situation before the court. There was no contention that Butler had done so and no evidence to indicate that he did, but even if there had been it would not have rendered the evidence admissible.

3. There was objection to testimony by Garrison that he had dis-

cussed the bill for materials with Gowder, the contractor, and that Gowder had admitted the correctness of it and offered as an explanation for it not being paid the fact that Mr. Butler had been unable to close a loan on the property, and thus unable to pay him. If there was error it was harmless since Mr. Butler testified that his loan with Farmer's Home Administration had been held up, but that he had paid Gowder "as he built the house."

4. There was objection to testimony by Garrison that Mr. Butler had admitted the indebtedness to him, had explained that it had not been paid because the cost of the building overran the contractor's estimate, and that he had offered to give him a note and second mortgage for it, on the ground that it was evidence of an offer in compromise. We do not so construe it. Rather, it was offered as an admission by Mr. Butler.

5. There was no error in admitting the recorded claim of lien and the invoices for the materials. The claim was made and filed as prescribed by law, and the invoices were made, as Mr. Garrison testified, in the regular course of his business. *Code Ann.* § 38-711.

A verdict for the plaintiff was demanded, and its direction was not error.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
SUBMITTED JANUARY 12, 1971—DECIDED APRIL 12, 1971.

*Greer, Sartain, Carey & Cromartie, Jack M. Carey*, for appellant.

*Davis & Davidson, Jack S. Davidson, Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.*, for appellees.

