47632. HOUSEHOLD FINANCE CORPORATION v.
ENSLEY.

BELL, Chief Judge. This is a trover suit to recover a motor-
cycle in which the plaintiff elected to take a money ver-
dict for the value. The jury returned a verdict for
defendant. *Held:*

1. The evidence does not authorize a verdict for the defend-
ant-appellee. It shows that plaintiff-appellant had legal
title to the motorcycle under the terms of a conditional
sale title retention contract which had been assigned to
it. The plaintiff's security interest was recorded on the
Georgia Certificate of Title. The original purchaser had
not satisfied the sale contract by payment at the time the
property was seized from him under a distress warrant
for nonpayment of rent. The property was sold at a judi-
cial sale to defendant for $250 who in turn sold it for
$500. Plaintiff was not a party to the distress warrant
proceedings and there is no evidence that it had any
other notice of the levy and sale. A purchaser of property
at a judicial sale acquires no title whatsoever to the
property as against the true owner who was not a party
to the proceedings, where the defendant in execution had
no right, title, or interest in the property but had only
the mere right to possession and use of the property.
*Commercial Credit Co. v. Britt,* 53 Ga. App. 430 (1) (186
SE 449). The only evidence of value was the purchase
price at a judicial sale and the price paid defendant
when he sold it, $250 and $500, respectively. This evi-
dence was contained in defendant's sworn answers to
plaintiff's interrogatories. The answers were admissible
in evidence, for CPA §§ 33 and 26 (d) (2) (*Code Ann.*
§§ 81A-133 and 81A-126 (d) (2)) then in effect at the
time of trial in June 1972, permitted their use by an
adverse party for any purpose. This evidence was compe-
tent to show that the porperty was at least of some
value. Defendant offered no evidence. Thus plaintiff es-
tablished its case and in the absence of anything that

could be a defense, the evidence demanded a verdict for plaintiff. The trial court erred in entering a judgment for defendant on the verdict. *Horne-Wilson, Inc. v. Smith,* 109 Ga. App. 676 (137 SE2d 356).

2. The other enumerations going to the charge and failures to charge are all without merit.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED NOVEMBER 6, 1972—DECIDED JANUARY 24, 1973.

*Harris Bullock,* for appellant.
*Virgil C. Spence,* for appellee.