#### 48811. EVANS et al. v. MOORE et al.

BELL, Chief Judge.

This case is a suit for damages for breach of warranty of title to an automobile. One of the defendants, Weeks, defaulted. A jury returned a special verdict for plaintiff for $2,292.00 against the other defendants,

Evans and Patterson, a partnership who did business as the Phenix Auto Auction. Judgment was entered against all defendants jointly and severally. *Held:*

1. Four enumerations of error all go to the questions of whether the defendant partners doing business as the Phenix Auto Auction, made a warranty of title to the vehicle to plaintiff, and whether it was signed or executed by them. The provisions of the instrument reveal an intention of the auction company to make a warranty of title; and the instrument was supported by a $30 consideration paid by plaintiff to the defendants. As to the issue of whether it was "signed," UCC § 1-201 (39) (Code Ann. § 109A-1—201(39)) defines the term as including any symbol executed or adopted by a party with present intention to authenticate a writing. On the bill of sale and warranty of title were printed the words "Phenix Auto Auction." A complete signature is not necessary to constitute an authentication as it may be printed and may be on any part of the document including a billhead or letterhead. *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700 (192 SE2d 400). There were two of these documents in evidence. While there was no direct evidence that the defendant Weeks obtained a corrected or second document from the defendants' auction company, the first document, admitted without objection, was identical in all material respects to the second or corrected one. Each document included the same notary's signature who was shown to be an employee of the auction company. This circumstance coupled with the fact that defendant Weeks was present at the auction when the erroneous one was given to plaintiff, permits an inference that Weeks obtained the corrected one from the defendant partners' auction company. The evidence authorized the special verdict against the defendants Evans and Patterson. No error was committed in denying the motion to dismiss; in admitting the title warranty; and in denying the motion for new trial on the general grounds.

2. Plaintiff's exhibit four was admitted over objection as a business record of Chrysler Leasing Corporation. The purpose of this proof was to establish that the vehicle at the time of sale was owned by someone

other than the defendant Weeks. Even if error, it was harmless as the fact of ownership in someone other than Weeks was established by other evidence to which no objection was made.

3. Error is enumerated for failure of the court to charge as requested, but the record fails to show that the requested charge was served upon opposing counsel or tendered to the court and refused. The failure to comply with Code Ann. § 70-207 (b) and the lack of a ruling on the request by the trial court presents nothing for our consideration.

4. At the close of the evidence the trial court charged the jury. At the conclusion of the charge counsel made their closing arguments. This procedure of charging the jury prior to the arguments is contrary to Code Ann. § 70-207 (b) which states that the court " . . . shall instruct the jury after the arguments are completed." Although the court erred, counsel by arguing waived the error.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted January 7, 1974 — Decided March 6, 1974.

*William L. Slaughter,* for appellants.
*Owens, Littlejohn, Gower & Pugh, F. Houser Pugh,* for appellees.