## 49569. CARTER v. TATUM et al.

QUILLIAN, Judge.

George W. Tatum brought a complaint in the Civil Court of Fulton County against Roy H. Carter. The complaint alleged that while the plaintiff's wife was driving his vehicle and waiting in a line of traffic, the defendant struck the rear of plaintiff's car, damaging the same. It alleged that the value of his vehicle had been reduced by $425 and sought judgment for that amount. The defendant answered denying the material allegations of the complaint. He also filed a third-party complaint against B. Graham Seabrook d/b/a/ Seabrook American Service Station, alleging that the defendant (third-party plaintiff) took his automobile to third-party defendant's service station for the purpose of having the brakes relined and that the third-party defendant had negligently performed the required service. As a result, the brakes on the car in which the third-party plaintiff was driving failed and the collision alleged in the complaint occurred. It was alleged that the brake failure was caused by Seabrook's negligence and that in the event damages against the third-party plaintiff in any amount might be recovered that the third-party defendant be found liable for such amount. The third-party defendant answered the third-party complaint but made no attack on its legal sufficiency.

During the pre-trial procedure, the third-party defendant filed interrogatories addressed both to the

plaintiff and to the defendant.

The case came on for trial before a jury, at the conclusion of which the jury returned a verdict in favor of the plaintiff and in favor of the third-party defendant and against the defendant (third-party plaintiff). The defendant's motion for new trial and in the alternative a judgment notwithstanding the verdict was overruled by the trial judge. Appeal was then taken to this court. *Held:*

1. During the course of the presentation of plaintiff's evidence, counsel for the plaintiff requested that he be allowed to read plaintiff's answer to the third-party defendant's interrogatory. The trial judge allowed the reading of answer to the interrogatory over the defendant's objection that the admission of such testimony was hearsay.

The question reads as follows: "Q. State whether or not plaintiff or any person investigating this accident on behalf of plaintiff obtained any estimates on the cost of repairing said automobile. If so, please give the name of each person, firm or corporation who made such estimate, the date thereof and the amount thereof. A. Yes. City Dodge repaired the car for four hundred sixteen dollars fifty-nine cents."

Subsequently, the defendant's attorney sought to read into the record the plaintiff's answer to the third party's interrogatories with regard to the occurrence. The answer by the plaintiff set forth how the collision occurred and what was said by the defendant as related to the plaintiff by his wife.

CPA § 33 (b) (Code Ann. § 81A-133 (b); Ga. L. 1966, pp. 609, 646, as amended Ga. L. 1972, pp. 510, 524) provides: "Interrogatories may relate to any matters which can be inquired into under section 26 (b), and the answers may be used to the extent permitted by the rules of evidence."

Prior to the 1972 amendment the scope and usage of such interrogatories was much broader. See *Household Finance Corp. v. Ensley,* 127 Ga. App. 876 (195 SE2d 236), which pointed out the distinction between the 1966 provisions and the 1972 Act.

The 1970 revisions of the Federal Rules are identical to the 1972 Georgia revisions. A comprehensive study of

the effect of the new provision of the Federal Rules is discussed in 4A Moore's Federal Practice 33-164, § 33.29 [1 — 2]: "It seems quite clear that the 1970 revision of the Rule cannot be interpreted as a sanction for admitting such answers as if the party making them were present and testifying subject only to objections to particular answers, for such an interpretation would apply to answers to interrogatories a broader rule of admission than that set forth in Rule 32 (a) for admission of depositions, a result antithetical to the recognition by the Advisory Committee that the latter normally are taken under conditions affording an opportunity for cross-examination while the former are not. It must be, therefore, that the amended Rule was framed with a recognition that answers to interrogatories are hearsay and inadmissible at the trial unless they fall within some recognized exception to the hearsay rule. Thus they would be admissible for purposes of impeaching the testimony of the person making them, or as an admission of the person making them, as interrogatories are always answered by a party, or as an admission of another party if the party making the answers were his agent or servant."

Under prior authority it has been often held that ex parte affidavits are not admissible. *Lanthripp v. Lang,* 103 Ga. App. 602, 604 (120 SE2d 59); *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125). Here, both the evidence admitted and the evidence offered involved the plaintiff's answers in response to questions asked by the third-party defendant. The plaintiff himself was not present at the trial and the evidence consisted of his statement offered in an attempt to establish the loss incurred by him and his statement relating as told to him by another person. The admission of such testimony would violate both the spirit and intent of the Civil Practice Act.

The evidence offered by the defendant was hearsay and inadmissible, and hence properly excluded.

This would also be true of the evidence offered by the plaintiff which the trial judge admitted. However, prior to the admission of such evidence the plaintiff's wife testified that the repairs to the vehicle were $416.59. The rule is well-established that the unobjected-to admission of the same testimony renders harmless the admission of

otherwise inadmissible evidence. *Evans v. Moore,* 131 Ga. App. 169 (2) (205 SE2d 507); *Weems v. Weems,* 225 Ga. 154 (166 SE2d 352).

2. Enumeration of error 4c complains of the exclusion of certain testimony. During the course of the trial counsel sought to elicit by defendant's testimony the health of the defendant at the time of trial as compared to his health at the time of the collision. Counsel stated: "Your Honor, as the Court can see, Mr. Carter seems to be in bad health. He shakes a lot. The jury may believe on the basis of seeing him as a witness that he was in that condition at the time of the automobile accident and, therefore, was not a proper driver. What I'm trying to bring out is there has been a deterioration of his health of considerable magnitude." The trial judge refused to allow this testimony on the ground that it was irrelevant.

As stated in Green, Georgia Law of Evidence, § 83, p. 198: "The demeanor of a witness testifying in person in open court is always assumed to be in evidence." Broadcast Music, Inc. v. Havana &c. Restaurant Corp., 175 F2d 77, 80, cited in Green. A defendant is normally held to the same standard of care regardless of his infirmities. See 2 Blashfield 245, Automobile Law and Practice, § 103.4; 60A CJS 114, Motor Vehicles, § 264.

Although evidence as to general competency of a driver is usually inadmissible, evidence of the defendant driver's condition at the time of the occurrence is admissible and relevant. See 11 Blashfield 513, Automobile Law and Practice, § 427.2; Richie v. Elmquist, 283 Minn. 375 (168 NW2d 332).

Since the offer of proof was to show that the defendant's physical condition had deteriorated between the time of occurrence and the time of trial (some 4 years), the evidence was relevant as to defendant's negligence or lack thereof and it was error to exclude such testimony.

3. On a retrial we cannot assume that the plaintiff will again be absent from the trial. The issue involved in enumeration of error 3a and 3b are not likely to recur.

4. Enumeration of error 4b complains of the failure of the trial judge to allow the "N.A.D.A. Official Used Car Guide" into evidence in rebuttal of the plaintiff's evidence as to automobile value. At the time the evidence was

offered, no showing was made as to what the evidence would reveal. In order to complain of exclusion of evidence (on direct examination) the one who offers the evidence must show: "that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party." *Foster v. National Ideal Co.,* 119 Ga. App. 773 (168 SE2d 872). Accord, *Borochoff Prop. v. Howard Lumber Co.,* 115 Ga. App. 691, 696 (155 SE2d 651), and *Allen v. Kessler,* 120 Ga. 319 (47 SE 900).

5. The general grounds of the motion for new trial are without merit.

6. The judgment insofar as it was in favor of the third-party defendant is affirmed and the case is reversed only as to the finding in favor of the plaintiff. *Doyle v. United Finance Co.,* 97 Ga. App. 257 (1c) (102 SE2d 637); *Burkhalter v. DeLoach,* 171 Ga. 384 (9) (155 SE 513); *Jeffreys-McElrath Mfg. Co. v. Huiet,* 196 Ga. 710, 723 (3) (27 SE2d 385).

*Judgment affirmed in part and reversed in part. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED FEBRUARY 7, 1975 — REHEARING DENIED MARCH 21, 1975.

*Kenneth G. Levin,* for appellant.

*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr., Swift, Currie, McGhee & Hiers, Steve J. Davis,* for appellees.