## Execution of State Bids

KANE, Attorney General, YAKOWICZ, Solicitor General, ANDERSON, Deputy Attorney General, November 10, 1976 — You have asked whether the Department of General Services can legally accept bid proposals which are signed by the bidders in a manner other than a handwritten signature in script form. You have advised us that, in some instances, bidders will hand print their signatures on the bid proposals intending thereby to bind themselves to their bids. The office of the State Treasurer has objected to the acceptance of such bids and insists that the only acceptable method of executing a bid is by a handwritten script signature.

Prior to the adoption of the Uniform Commercial Code, the law in Pennsylvania was that documents, contracts and other papers could be executed by a typewritten, printed or rubber stamped signature provided that such had been properly authorized. See Tabas v. Emergency Fleet Corporation, 9 F. 2d 648, 649 (E.D. Pa. 1926) affirmed 22 F. 2d 398 (3d Cir. 1927).

Under the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. § 1-201(39),

the term "signed" is defined as including "any symbol executed or adopted by a party with present intention to authenticate a writing." In the official comment to section 201, the commissioners noted that this definition was expressly included so as to "make clear that as the term is used in this Act a complete signature is not necessary." They further stated that an "[a]uthentication may be printed, stamped or written; it may be by initials or by thumbprint."

The few cases which have dealt with the issue of what constitutes a signature have endorsed the comment:

"What is meant . . . is that a complete signature is not necessary. That is, authentication of the document may be accomplished by a printed, stamped, or written symbol . . .": Plemens v. Didde-Glaser, Inc., 244 Md. 556, 224 A. 2d 464 (1966); and

"A complete signature is not necessary to constitute an authentication as it may be printed and may be on any part of the document . . .": Evans v. Moore, 131 Ga. App. 169, 205 S.E. 2d 507 (1974).

See also Benedict v. Lebowitz, 346 F. 2d 120 (2nd Cir., 1965).

It is our conclusion, therefore, that a hand-printed signature affixed to a bid proposal by a bidder who intends to execute his bid is legal* and

---

*It does not appear, however, that the State Treasurer is questioning the legality of accepting hand-printed signatures on bids. Rather, it is the State Treasurer's position that despite their legality, the allowance of hand-printed signatures could lead to abuse on the part of dishonest bidders who could disclaim

the department may legally accept bids containing such signatures.

---

any intent to submit a bid. Such testimony would be difficult to combat in the absence of a written signature. The State Treasurer contends for this reason that sound procurement policy requires that the Commonwealth insist on proper *writtten* execution of all bids and that acceptance of printed, typewritten or stamped signatures needlessly opens up the possibility of disputes, litigation, delay and expense.

Without deciding one way or the other the question of what constitutes sound procurement policy, it is our opinion that the Department of General Services does have the authority to require all bid proposals to be signed by a handwritten signature in script form. The department may by regulation require its invitations for bid proposals to include, as one of the specifications, that a bid proposal, to be valid, must be executed by a handwritten script signature. If such a regulation were adopted, it should include a requirement that invitations for bid proposals state very clearly that unless the bids are signed in writing, they will be rejected for failure to follow the specifications. In this manner, the abuse contemplated by the State Treasurer will be avoided.