## 58482. LUMPKIN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held:*

1. The first enumeration of error contends that the court erred by permitting the prosecutor, over defense objection, to cross examine defendant concerning another robbery, preceding the instant allegation, on which defendant had been indicted but not yet tried. In direct examination defendant testified that he had never robbed any convenience store. On cross examination he specifically denied having committed the robbery.

A witness may be impeached by disproving the facts testified to by him. Code Ann. § 38-1802. "[E]vidence as to the prior indictments against the defendant was received for the purposes of impeachment only. The defendant having 'opened the door' to this area of inquiry, there was no error in allowing the state to properly attempt to impeach his testimony." *Barrett v. State,* 140 Ga. App. 309, 310 (231 SE2d 116).

2. At the close of defense evidence, the prosecutor called as a rebuttal witness the victim of the convenience store robbery defendant denied committing. Over defense objection she testified concerning the incident and identified the defendant as the perpetrator. Enumerations 2 and 3 claim error in permitting such

testimony and in thereafter refusing to exclude it from the jury's consideration. It has been held that there was no error in allowing the district attorney to present evidence of a prior killing by defendant for the purpose of impeaching the testimony of the defendant that he had never killed anyone in his whole life. *Stack v. State,* 234 Ga. 19, 25 (214 SE2d 514). The court did not err in permitting the testimony to go to the jury.

3. The final enumeration complains that the court did not charge the jury concerning the limited purpose for which they could consider the testimony of the victim of the convenience store robbery. At the termination of that testimony, at the request of defense counsel, the court instructed the jury that the testimony could be considered only to determine the truth of defendant's testimony. Subsequently the jury was charged concerning impeachment of witnesses generally. Defense counsel made no written request to the court for a charge concerning the testimony and made no objection to the charges as given. While the defendant in a criminal trial is exempted from the strict requirements necessary to preserve an issue in a civil case, "this does not relieve him from the necessity of requesting clarifying instructions or making clear his objection so that the trial court can exercise the opportunity to correct possible errors at the most opportune point in the proceedings and thus still subject to review by an appellate court." *Bradham v. State,* 148 Ga. App. 89, 90 (250 SE2d 801). This enumeration is also without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 22, 1979.

*M. Dale English, John W. Rountree, Jr.,* for appellant.

*Vickers Neugent, District Attorney, Charles Reid Reddick, Lew S. Barrow, Assistant District Attorneys,* for appellee.