## 66622. HAMMOND v. THE STATE.

BANKE, Judge.

The defendant appeals the denial of his motion for new trial following his convictions for reckless driving, speeding, attempting to elude a police officer, and driving under the influence. All of the offenses arose from an early morning chase which culminated in the collision of the defendant's motorcycle with a police car. *Held:*

1. The defendant's initial contention is that the trial court erred in allowing the jury to hear, over objection, a tape recording of police radio transmissions which took place during the chase. However, the basis for the objection which the defendant asserts on appeal, i.e., that a proper foundation for the tapes was not presented, was not asserted in the trial court. "It is well settled that an objection to the admission of evidence may not be raised for the first time on appeal." *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54) (1973). In any event, as conceded by the defendant, the evidence was cumulative, having been previously presented through the testimony of the officers.

2. After the defendant had testified that he did not ride his motorcycle when he had been drinking, the state was allowed to introduce evidence of a prior alcohol-related motorcycle accident involving the defendant. This evidence was properly admitted for the purpose of impeachment. See OCGA § 24-9-82 (Code Ann. § 38-1802); *Lumpkin v. State,* 151 Ga. App. 896 (1) (262 SE2d 208) (1979).

3. Before the introduction of any evidence, the trial court charged the jury on the elements of the offenses, as well as presumption of innocence, reasonable doubt, credibility of witnesses, the meaning of intent, and the role and responsibilities of the various parties to the trial. After the close of evidence, but before argument of counsel, the court instructed the jury as to the applicable laws of evidence, redefined the offenses, and charged on the presumptions arising from evidence of a person's blood-alcohol content. Counsel for the parties then made their arguments to the jury, after which the trial court instructed the jury on the form of their verdict, the requirement for unanimity, and their duty to weigh and judge the

evidence.

The defendant contends on appeal that the sequence of various instructions was erroneous but, with one exception, does not complain of their content. The defendant did specifically object to the content of the charge on attempting to elude, based on his contention that the evidence failed to show that the offense was committed; however, we find that this charge was authorized by the evidence.

The basis for the contention regarding the sequence of the charges is the following language from OCGA § 5-5-24 (b) (Code Ann. § 70-207): "In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury *but shall instruct the jury after the arguments are completed.*" (Emphasis supplied.)

Although we do not encourage the procedure followed here, we find no violation of this statute. It is not uncommon for certain charges to be given prior to and during the receipt of evidence. It is also an acceptable practice to instruct the jury concerning their duties before any evidence is received. It is neither error for this to take place, nor error for the trial court, absent a timely request to fail to repeat such instructions. *McDaniel v. State,* 225 Ga. 695 (171 SE2d 358) (1969); *Whitt v. State,* 203 Ga. 538 (3) (47 SE2d 580) (1948).

In this case, the instructions given were legally adequate and complete, and there is no contention to the contrary. Since a portion of the charge, at least, was given after argument of counsel, we find sufficient compliance with the statute.

4. The defendant contends that the trial court erred in refusing to receive in evidence a certain hospital record. We do not reach this assigned error because defendant's counsel acquiesced in the court's ruling and withdrew the record, leaving us nothing to review.

5. Finally, the defendant enumerates as error the denial of his motions for directed verdict of acquittal on all four counts. "The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law." *Sims v. State,* 242 Ga. 256, 257 (248 SE2d 651) (1978). In this case, there was ample evidence to enable a rational trier of fact to find guilt of the offenses beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur specially.*

DECIDED NOVEMBER 29, 1983.

*Carl P. Fredericks,* for appellant.
*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.

DEEN, Presiding Judge, concurring specially.

Generally I concur with most of what is said in the majority opinion, and specifically agree with Divisions 1, 2, 4 and 5 and in the judgment of conviction. It appears that two different views have been expressed regarding when the trial judge should instruct the jury with respect to Division 3. It might be appropriate to articulate and advance a slightly differing third viewpoint in this important area.

OCGA § 5-5-24 (b) (Code Ann. § 70-207) requires that the main or comprehensive charge to the jury be given after the arguments are completed. The cases cited in the majority opinion and in the other concurring opinion, do not prohibit the trial judge from informing, instructing, or giving helpful explanations to the jury at other times as the case progresses as long as they are in addition to and not in lieu of the comprehensive charge required by statute.

An informative article, "Why the Jury Doesn't Understand the Judge's Instructions," by Charles L. Weltner, now Justice Weltner of the Supreme Court of Georgia, *The Judges' Journal,* Vol. 17, p. 19, Fall 1978, advances some scholarly suggestions based on an actual juror's convocation input as to how a trial judge may aid and assist the jury. Part of that article based on the juror convocation states: "I hold a dream of having charges on all basic principles of law in a computer, with instantaneous printout. Hence, I can tell the jury that I am going to read the charge to them, but they will have a written copy of it and may refer to it as often as they like during their deliberations." With word processors and computers now available and more in use by courts, this dream may possibly in the future become a reality. As long as the statutory mandate as to the giving of the comprehensive charge is complied with, a trial judge, in my opinion, has implied if not inherent power to provide additional, meaningful explanations as to the duty of the jury relating to applicable legal principles.

CARLEY, Judge, concurring specially.

I agree with the majority that the judgment of conviction should be affirmed. However, I cannot agree with the majority's finding no error in the trial court's charging the jury only on procedural matters after completion of arguments. Although based upon an extensive review of the entire record, I believe that the error in this case is not reversible, it is my opinion that the mandate of OCGA § 5-5-24 (b)

(Code Ann. § 70-207) that the court "shall instruct the jury after the arguments are completed" is obligatory upon the trial court, and is not subject to substantial variation, no matter how innovative or well-meaning the trial court may be. *McDaniel v. State,* 225 Ga. 695 (171 SE2d 358) (1969), cited by the majority, is not analogous to this case. In *McDaniel,* it appears that, after argument, the trial court did give substantive instructions and that the challenge of the appellant in *McDaniel* was related only to one specific issue on which the jury had been given previous instructions which the Supreme Court held to be sufficient. In the case sub judice, the trial court gave only procedural instructions following completion of the argument. While I cannot disagree with the trial court's desire to inform the jury as the case progresses on relevant legal principles applicable to the ultimate decision, I think such instructions given at the discretion of the trial judge should be in addition to, and not in lieu of, the comprehensive charge required by the statute. See *Evans v. Moore,* 131 Ga. App. 169, 171 (4) (205 SE2d 507) (1974).