## 72163. WYATT v. THE STATE.
(346 SE2d 387)

SOGNIER, Judge.

Wyatt appeals from his conviction of driving under the influence of alcohol.

1. Appellant contends the trial court erred by denying his motion in limine to suppress testimony that he refused to take a breath test, and by granting the State's motion in limine to suppress testimony that appellant's driver's license had not been suspended.

The evidence disclosed that appellant was arrested for driving under the influence of alcohol. The arresting officer read the implied consent warning to appellant, who stated that he understood and

agreed to take a breath test. On arrival at the police station appellant was again given the implied consent warning and initialed the warning form, indicating that he understood the warning, agreed to take the test and did not desire an additional test. When the testing officer attempted to give appellant the breath test, appellant placed the tube in his mouth but would not blow in it. He was warned that he would be given two more chances to blow into the tube, and if he did not do so it would be considered a refusal to take the test. On each of two subsequent attempts to administer the test appellant placed the tube in his mouth but placed his tongue over the mouthpiece so his breath did not go through the tube. Appellant was then recorded as refusing to take the test, and an implied consent affidavit was forwarded to the State Patrol. Appellant requested a hearing with the Department of Public Safety. The arresting officer did not appear at the hearing so appellant's license was not suspended. No evidence was presented at the hearing.

Appellant testified he was not given the implied consent warnings by the arresting officer or at the police station, and thus, his motion in limine should have been granted because there was no affirmative showing by the State that the warning was given to appellant, as required by *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984). This contention has been decided adversely to appellant in *State v. Dull*, 176 Ga. App. 152, 154 (335 SE2d 605) (1985), and a defendant's refusal to take a blood alcohol test is relevant and admissible. OCGA § 40-6-392 (c); *Wessels v. State*, 169 Ga. App. 246, 247 (2) (312 SE2d 361) (1983). Hence, it was not error to deny appellant's motion in limine.

The State's motion in limine was granted properly, as evidence that appellant's driver's license was not, and would not, be suspended was not relevant to the issue of whether or not appellant was driving under the influence of alcohol at the time of his arrest. Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly; irrelevant matter should be excluded. OCGA § 24-2-1. What occurred at the administrative hearing subsequent to appellant's arrest would have no bearing on whether or not he was driving under the influence of alcohol, which was the only issue before the jury. Further, appellant was allowed to testify that he had a current, valid driver's license at the time of trial. Thus, he could not have been harmed by any error in granting the State's motion, and the burden is on a party claiming error not only to show error, but that he was injured by such error. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983).

2. Appellant contends the trial court erred by allowing the State to ask appellant on cross-examination, over objection, how much he would have to drink before he considered himself drunk. After appel-

lant's objection was overruled, appellant did not answer the question and the State did not ask the question again. Thus, there is nothing for us to review. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

3. In his fourth, fifth and sixth enumerations of error appellant contends the trial court erred by allowing the State to cross-examine appellant about prior DUI arrests without first showing him certified copies of prior convictions. This issue arose when appellant responded to a question on cross-examination that he *always* stopped with one drink if he was going to be driving. The prosecuting attorney was then allowed, over objection, to question appellant about his prior convictions for driving under the influence of alcohol.

Once appellant testified that he always stopped after one drink if he was going to drive, the State was properly allowed to impeach this testimony by questioning appellant about his prior DUI convictions. OCGA § 24-9-82; *Hammond v. State*, 169 Ga. App. 97 (2) (311 SE2d 523) (1983). The fact that appellant subsequently attempted to limit his statement to actions within the last year is immaterial, for his initial response of "always" subjected his testimony to impeachment. Contrary to appellant's contentions, the State showed appellant certified copies of his convictions, which appellant acknowledged were signed by him. The certified copies showed on their face that appellant waived his right to be represented by counsel at the prior trials, and that he pled guilty to the offenses charged. Thus, the State was not required to establish that appellant was represented by counsel.

4. Appellant contends the trial court erred by giving the State's request to charge that appellant's refusal to permit a chemical analysis of his blood, breath or urine was admissible in evidence. This contention has been decided adversely to appellant. *Mathews v. State*, 176 Ga. App. 394 (3) (336 SE2d 259) (1985).

5. Lastly, appellant contends error by allowing the State to introduce into evidence at the pre-sentence hearing a certified copy of appellant's driving record, because the defense was not provided a copy of the driving record prior to trial, and there was no showing that appellant was represented by counsel at his prior DUI trials. We have answered the latter contention in Division 3.

Appellant relies on OCGA § 17-10-2, which provides that once a jury has returned a verdict of guilty in a *felony* case, the judge shall conduct a pre-sentence hearing and only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible. This code section applies only to felony cases, and appellant was convicted here of a misdemeanor. Even assuming the statute was applicable to misdemeanor cases, the purpose of § 17-10-2 is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other

defect which would render such documents inadmissible during the pre-sentencing phase of trial. *Roberts v. State*, 252 Ga. 227, 240 (11) (314 SE2d 83) (1984). Both appellant and his counsel examined certified copies of his prior convictions during the guilt-innocence phase of trial. Appellant acknowledged his signature on the documents, which showed on their face that appellant had pleaded guilty and had waived his right to be represented by counsel. Hence, the introduction of appellant's prior record could not have rendered the sentence invalid. Id.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 27, 1986 —
REHEARING DENIED JUNE 9, 1986 —

*Darel C. Mitchell*, for appellant.
*Ralph Bowden, Solicitor, Nancy Jackson, Henry Newkirk, Assistant Solicitors*, for appellee.