## A93A0774. BLANDBURG v. THE STATE.
### (434 SE2d 510)

BLACKBURN, Judge.

Appellant, Timothy Blandburg, appeals his conviction for the aggravated child molestation of Jessica Nicole Taylor, who was three-years-old at time of the incident. On appeal, Blandburg asserts two enumerations of error.

1. In his first enumeration of error, Blandburg contends that the trial court erred in failing to strike all the child hearsay testimony based on his inability to obtain full responses from Jessica upon cross-examination. Blandburg admits that this enumeration was decided adversely to him in *Bright v. State*, 197 Ga. App. 784 (400 SE2d 18) (1990). However, he urges the court to "reject" or "reconsider and refine" our decision in *Bright*. We decline to do either.

Blandburg argues that the testimony of Taylor, Jessica's mother, was questionable regarding Jessica's statements that her "tu-tu was burning" because Blandburg had been "sticking her . . . with his ding-dong." Blandburg asserts that "the only way to determine whether these statements were made by Jessica was to have Jessica confirm their authenticity on the stand." However, during his trial, Blandburg demonstrated several other ways in which to determine the veracity of these statements. Blandburg conducted a thorough and sifting cross-examination of Taylor. Blandburg introduced Agnes Blandburg Williams' testimony which contradicted Taylor's version of Jessica's statements, and the testimony of Dr. Cleveland who opined that Jessica had been coached. Blandburg also introduced the testimony of Kela Brooks who testified that Taylor had lied to her on several occasions. Blandburg even testified himself that he did not molest Jessica. And finally, Blandburg was given the opportunity to cross-examine Jessica. Jessica answered some questions, nodded to some, and was unresponsive to some. The court cannot assure every defendant productive results from a cross-examination, but only the right to con-

duct a reasonable cross-examination. See *Bright*, supra at 785.

In *Bright*, we held that "[s]o long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive." Id. at 785. We determined that "silence itself was evidence, as the jury could observe [the witness'] demeanor as each question was posed. A witness' responsiveness or unresponsiveness, evasiveness or directness, verbal skills, intelligence, memory, perception, and apparent understanding are all factors which can be assessed by the jury and may raise a reasonable doubt." Id. at 786. Blandburg's first enumeration of error is controlled adversely by *Bright*; therefore, the trial court did not err in failing to strike the child hearsay statements. See also *Byrd v. State*, 204 Ga. App. 252 (419 SE2d 111) (1992).

2. In his second enumeration of error, Blandburg asserts that the trial court erred by failing to recharge the jury, pursuant to his request, on presumption of innocence.[1] Blandburg argues that OCGA § 5-5-24 (b) requires that all charges be given after counsel's arguments are completed. In the present case, the trial court charged on the defendant's presumption of innocence prior to the reception of evidence. Blandburg does not argue that an insufficient charge was given, but that the charge should have been repeated, along with the court's specific instructions on the applicable law, after counsel's arguments were completed.

It is uncontroverted that the trial court correctly charged the jury on the presumption of defendant's innocence and that the court informed the jury that he would not repeat the instruction at the end of the trial. It is also uncontroverted that Blandburg did not object to the trial court's preliminary instructions, neither did he object to the court's statement that the preliminary instructions would not be repeated.

OCGA § 5-5-24 (b) requires that jury instructions be given after the close of evidence and completion of arguments by counsel. It is commendable that the trial judge here gave the jurors preliminary instructions, before evidence was presented, to acquaint them with the nature of their duties and the basic principles of law they would apply during their deliberations. This practice can be extremely helpful for jurors and deserves to be encouraged and emulated. However laudable it may be, though, it cannot serve as a substitute for a complete jury charge, as the statute requires, after the evidence is closed

---

[1] Blandburg's enumeration asserts that the trial court erred in failing to recharge the jury on defendant's presumption of innocence, the definition of reasonable doubt, and the State's burden of proof. However, on appeal, Blandburg argues only with regard to the trial court's failure to recharge on the presumption of innocence, thereby abandoning his argument as to the other charges. See Court of Appeals Rule 15 (c).

and arguments concluded. This case demonstrates why that is so.

With little preamble, the post-argument jury instructions given in this case began with a charge on expert witnesses and continued with other charges on various principles of substantive law. The jury heard this final portion of the judge's instructions *eight days* after they had heard his preliminary instructions, which included a charge on the presumption of innocence. During those eight days, there was a three-day period during which the jury heard no testimony. When the jury entered the jury room to begin deliberations, it had been over a week since they heard the judge instruct them on one of the most fundamental principles of criminal law, the presumption of innocence. It is not reasonable to expect that jurors, under these circumstances, could give that instruction the same weight in their deliberations as the other, less vital principles given them in the court's final charge.

The charge conference in this case was properly conducted, and there was no uncertainty afterwards as to the content of the trial court's instructions to be given after closing argument. The difficulty is more serious, and it lies in the trial court's express refusal of defense counsel's request at the charge conference for a post-argument instruction on presumption of innocence.

*Hammond v. State,* 169 Ga. App. 97 (311 SE2d 523) (1983) is a case with two special concurrences and therefore is not binding precedent. However, that case dealt with substantially the same procedure employed by the trial court here, and all three opinions, the majority as well as the two special concurrences, criticized said procedure. Both concurring opinions said instructions or explanations given at any time in the trial other than after argument should be "in addition to and not in lieu of the comprehensive charge required by the statute." (Punctuation omitted.) *Hammond,* supra at 99-100. The majority held: "Although we do not encourage the procedure followed here, we find no violation of the statute. It is not uncommon for certain charges to be given prior to and during the receipt of evidence. It is also an acceptable practice to instruct the jury concerning their duties before any evidence is received. It is neither error for this to take place, nor error for the trial court, *absent a timely request* to fail to repeat such instructions. *McDaniel v. State,* 225 Ga. 695 (171 SE2d 358) (1969); *Whitt v. State,* 203 Ga. 538 (3) (47 SE2d 580) (1948)." (Emphasis supplied.) *Hammond,* supra at 98.

Here, though, there clearly was "a timely request . . . to repeat such instructions." Not only had defense counsel filed a written request for a charge on presumption of innocence, he also specifically requested at the charge conference that the charge be repeated in the post-argument instructions. Under OCGA § 5-5-24, this was the appropriate procedure for him to follow. There was no obligation on his part to object immediately when the trial judge indicated in his pre-

liminary instructions that the principles given then in charge would not be repeated later. After all, the instruction he requested was being given them and the statute itself provides the charge conference as an appropriate time and opportunity to request repetition of the presumption of innocence charge.

In our view, the statute requires the trial judge to give the jury comprehensive instructions after closing arguments, even at the cost of extensive repetition. While it might well be more logical to follow the sequence of instructions outlined in Justice Weltner's thoughtful concurrence in *Bentley v. State*, 261 Ga. 229 (404 SE2d 101) (1991), the statute directs otherwise. Under Justice Weltner's proposal, the bulk of the charge would be given before arguments but after the evidence is closed. Although there would be an introductory charge on basic principles at the beginning of the trial, nothing in his proposal indicates that a principle so fundamental as the presumption of innocence should not be repeated in the charge given after the evidence is closed, particularly if properly requested in a lengthy trial.

If the principle of law involved were not so fundamental and so crucial to the jurors' proper understanding of the criminal trial process and their responsibilities in that process, if the request had not been properly made, or if the trial had been brief, then many of the above points would not be of concern. However, because of the requirements of OCGA § 5-5-24 (b) and the importance of insuring the jurors' understanding of the law, we cannot say that the court's failure to recharge was not harmful error, and must therefore reverse.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JULY 7, 1993 —
RECONSIDERATION DENIED JULY 29, 1993 —

*Saia, Richardson & Meinken, Joseph J. Saia, Lloyd W. Walker,* for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.