S90A0227. PERKINS v. THE STATE.
(392 SE2d 872)

SMITH, Presiding Justice.

The appellant, Carey Earl Perkins, was indicted for the malice murder of Donald Estes, two counts of aggravated assault and one count of simple battery committed upon Marsha Perkins and two counts of possession of a firearm during the commission of a crime. The jury found the appellant guilty, and he was sentenced to life imprisonment for the murder conviction, ten years for one count of aggravated assault, five years for the second aggravated assault, five years for each conviction of possession of a firearm during the commission of a crime, and twelve months for the simple battery; all the sentences to run consecutively. We affirm.[1]

The appellant and Ms. Perkins were divorced in June 1987. Prior to the divorce, the appellant had beaten Ms. Perkins on several occasions, causing her to take out peace warrants in an effort to keep the appellant from harassing her. When Ms. Perkins began seeing Donald Estes, the appellant escalated his threats and harassment.

On the day of November 22, 1987, the appellant drove past Ms. Perkins' home and threatened Mr. Estes and Ms. Perkins. Later, Mr. Estes was shot when he went to Ms. Perkins' automobile to retrieve a

---

[1] The crimes were committed on November 22, 1987. The Chatham County jury found the appellant guilty on January 13, 1989. A notice of appeal was filed on October 25, 1989. The transcript of evidence was filed on November 17, 1989. The record was docketed in this Court on December 7, 1989. The case was submitted on December 29, 1989.

suitcase. Immediately after the shooting, the appellant was seen with a double-barrelled shotgun in his hands, and was heard to say, "I told you, man, I was gonna get you and I'm gonna — and I'm here to get you." Mr. Estes was unarmed at the time of the shooting.

The appellant then pursued Ms. Perkins into her home. She attempted to shoot at the appellant, but the pistol she retrieved was inoperable. The appellant pointed the shotgun at Ms. Perkins and said, "I done killed your son-of-a-bitchin' boyfriend, and now I'm gonna come get you." Ms. Perkins was able to push the shotgun down, and the appellant shot her in the leg. The appellant then proceeded to beat Ms. Perkins with his fists, dragging her toward the front door where he knocked her unconscious.

The appellant fled the scene but was arrested the next day. While being detained, a local television news crew videotaped the appellant. Upon arrest, the appellant received and waived his *Miranda* rights, admitted shooting Mr. Estes, and admitted shooting and beating Ms. Perkins. At trial two witnesses testified that they observed the videotape on the late evening news and heard the appellant state, "I did it and I'll do it again."

Donald Estes was paralyzed by the shooting, and two months later, he died from a pulmonary embolism. Two medical experts testified for the State that Mr. Estes' death was a result of the shooting.

The appellant did not testify at trial, but his tape recorded statement to the police was played for the jury. In it, he stated that he shot Mr. Estes because he was afraid that Mr. Estes was going to kill him, that he entered Ms. Perkins' home in order to talk her into putting her gun away, and that when he realized that Ms. Perkins intended to kill him, he took action to protect himself.

The jury found the appellant guilty of malice murder, assault, simple battery, and possession of a firearm during the commission of a crime.

1. In his first enumeration of error the appellant complains that the trial court improperly denied his motion for new trial and that the evidence was insufficient to convict him of malice murder. We find that the evidence presented at trial authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the crimes as charged, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and that the trial court did not err in denying the appellant's motion for new trial.

2. In his second through sixth enumerations of error, the appellant alleges ineffective assistance of counsel. Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). Under the *Strickland* formula, defendants seeking to show that their counsel was ineffective

must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. *Strickland*, 466 U. S. at 687. Applying this standard, we find that the appellant's arguments have no merit.

a. The appellant's lawyers were not deficient in failing to secure a medical expert for his defense. They contacted local and out-of-state medical experts in an attempt to obtain a rebuttal witness, but could find no expert able to refute the cause of death as listed in the autopsy report, or contradict the testimony of the State's experts. The appellant's counsel then consulted relevant medical treatises and vigorously cross-examined the State's experts in an attempt to refute the witnesses' medical findings.

b. The appellant's contention that his attorneys improperly kept him from testifying on his own behalf is spurious. The evidence shows that the appellant's decision not to testify was a tactical decision made knowingly and intelligently in agreement with his attorneys. Furthermore, the appellant failed to show that his counsels' actions prejudiced his defense such that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith*, 253 Ga. at 783.

c. The appellant's complaint, that his counsel improperly stipulated to the admissibility of the statement he made to the police upon his arrest, is meritless. The admission of the statement served a variety of purposes beneficial to the appellant. It allowed the appellant an opportunity to present to the jury a long and detailed assertion that he acted in self-defense. It also permitted the appellant to make numerous unchallenged attacks on Mr. Estes and his ex-wife. Finally, it allowed the appellant to suggest his own good character without subjecting himself to impeachment.

d. The appellant's attorneys were not ineffective in allowing the introduction of the appellant's prior criminal acts. As mentioned above, the appellant and his counsel made a tactical decision to admit the appellant's statement to the police in order to introduce exculpatory material not otherwise admissible. Furthermore, the prior criminal acts referred to by the appellant in his statement were already admissible to show motive, intent, or bent of mind. *Cannon v. State*, 257 Ga. 475, 478 (360 SE2d 592) (1987).

e. The appellant's assertions that his attorneys did not properly object to a detective's testimony as to what he heard the appellant say on the television news videotape are similarly unfounded. The detective's testimony served to partially impeach the testimony of two other witnesses as to their recollection of the same videotape. The detective's testimony cannot be said to have substantially prejudiced the appellant's defense in light of the appellant's own admission that he had shot Mr. Estes and Ms. Perkins.

3. In his seventh enumeration of error, the appellant challenges the qualifications of the medical examiner who testified that there was a causal relationship between the blood clot that killed Mr. Estes and the gunshot wounds inflicted by the appellant. We find no error. The evidence showed that the medical examiner was a qualified autopsist who had performed over 7,000 autopsies, including 20 autopsies in which the cause of death was pulmonary embolism. His findings and testimony were based on his examination and on medical grounds entirely within the field of forensic pathology, his area of expertise.

4. The trial court did not err in allowing into evidence State's Exhibit No. 42, the gown worn by Ms. Perkins when she was shot by the appellant. The gown was relevant to show that the victim had been assaulted with a deadly weapon and the location of the victim's wound. *Moon v. State*, 258 Ga. 748, 757 (375 SE2d 442) (1988).

5. The trial court did not err in denying appellant's motion to interview David Perkins. Because David Perkins is a minor, it was within his guardian's discretion whether to allow appellant's counsel to interview him. *Dover v. State*, 250 Ga. 209 (296 SE2d 710) (1982). Furthermore, it is not error for a trial court to refuse to order a state's witness to submit to pre-trial interviews with attorneys for the defense. *Baxter v. State*, 254 Ga. 538 (331 SE2d 561) (1985); *Jarrells v. State*, 258 Ga. 833, 835 (375 SE2d 842) (1989).

6. The appellant's allegation that the trial court erred in not declaring a mistrial based on a statement that was made by the assistant district attorney in the presence of the jury is not properly before us. The appellant waived his right to appellate review by failing to renew his objection or his motion for mistrial after the trial court's curative instruction was given. *Fann v. State*, 254 Ga. 514 (331 SE2d 547) (1985).

7. The trial court did not err in allowing two State's witnesses to testify as to what they heard the appellant say on the television news broadcast. Appellant's assertion that the videotape of the news segment is the "best evidence" of what the appellant said is mistaken. The best evidence rule applies only to writings. *Pryor v. State*, 238 Ga. 698, 707 (234 SE2d 918) (1977). See also *Smith v. State*, 236 Ga. 5, 8 (222 SE2d 357) (1976) (best evidence rule does not apply to photographs); *In the Interest of F. L. P.*, 184 Ga. App. 164 (361 SE2d 43) (1987) (best evidence rule does not apply to electronic recording of sound waves upon magnetic tape). Additionally, at the time of the testimony, the videotape was unavailable and the witnesses' testimony was properly admissible as secondary evidence.

8. The trial court properly admitted the photograph of the victim, Mr. Estes, for the purpose of showing an essential element of murder, i.e., the death of a human being. The photograph was pre-

autopsy and did not depict the victim in a bloody or graphically disfigured state. We find no abuse of discretion in the trial court's determination that the photograph's probative value outweighed its tendency to unfairly prejudice, confuse, or mislead the jury. *Hicks v. State*, 256 Ga. 715 (352 SE2d 762) (1987).

9. The appellant's prior criminal acts against Walter Lavant were properly admitted for the purpose of showing similarity tending to prove a peculiar bent of mind or course of conduct. *Maggard v. State*, 259 Ga. 291 (380 SE2d 259) (1989).

10. The trial court was correct in refusing to sever the charges against the appellant concerning Ms. Perkins from those concerning Mr. Estes. The shooting of Ms. Perkins and the killing of Mr. Estes were the results of one continuous series of acts, and the trial court did not abuse its discretion in refusing to sever the charges. *Whisenhunt v. State*, 156 Ga App. 583 (275 SE2d 82) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 1990.

*Duffy & Feemster, William A. Dowell,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.