## A90A1199. BRIGHT v. THE STATE.
(400 SE2d 18)

BEASLEY, Judge.

Bright appeals his conviction for the molestation of his girl friend's daughter, who was five at the time of trial, by touching the child's vaginal area with his penis. OCGA § 16-6-4 (a).

1. Appellant contends the evidence was legally insufficient but does not specify how it was lacking; he merely presents his version of it and points to arguably favorable portions. The evidence as a whole was sufficient to enable a rational trier of fact to find appellant guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims error in the admission of a videotape of an out-of-court interview of the child because she was not under oath at the time of the interview (OCGA § 24-9-60). There is no requirement that a child be placed under oath prior to such an interview in order for this documentary evidence, which contains a contemporaneous record of the child's statements, to be admissible. "The admission of videotapes [exhibiting the child's out-of-court statements] in child molestation cases is governed by OCGA § 24-3-16. See *Hunter v. State*, 194 Ga. App. 711 (391 SE2d 695) (1990)." *Frazier v. State*, 195 Ga. App. 109 (393 SE2d 262) (1990). Cf. *Idaho v. Wright*, ___ U. S. ___ (110 SC 1520, 108 LE2d 760) (1990).

3. Appellant claims error in that the district attorney and the court examined the child in the presence of the jury but not under oath (OCGA § 24-9-60), as though she were a special witness entitled to credibility without oath.

First, the crime as well as the trial occurred after the effective date of OCGA § 24-9-5 (b). It specified a certain class of cases where testimony is desirable despite lack of competency. This is an instance of necessity, as alluded to by the Supreme Court in *Huiet v. Schwob Mfg. Co.*, 196 Ga. 855, 859 (2) (27 SE2d 743) (1943). Cf. *Westbrook v. State*, 186 Ga. App. 493, 498 (368 SE2d 131) (1988) (concurring opinion); *Ward v. State*, 186 Ga. App. 503, 505 (368 SE2d 139) (1988) (concurring opinion); *In the Interest of K. T. B.*, 192 Ga. App. 132 (384 SE2d 231) (1989). It provides that in certain limited categories of cases such as this one the child is deemed legally competent to testify. The child may testify even if he or she does not understand the nature of an oath, such as would be required in cases other than the limited ones. Since the legislature has carved out this exception, the prerequisite administration of the oath otherwise called for by OCGA § 24-9-60 has been obviated when the child does not comprehend its nature. The child simply becomes an unsworn witness, made so because incapable of taking an oath.

Second, to the degree that this child understood, she was placed

under oath in effect when she promised to tell the court the truth, the whole truth, and nothing but the truth. See *Chapman v. State*, 257 Ga. 19, 20 (3) (354 SE2d 149) (1987); cf. *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981).

4. Appellant claims error in the court's failing, contrary to the Sixth Amendment right to confrontation and OCGA § 24-9-64, to strike testimony of witnesses who related what the child had told them. The ground is that the victim refused to answer questions on cross-examination.

OCGA §§ 24-3-16 and 24-9-5 must be construed together. Since the effective date of OCGA § 24-9-5 (b), out-of-court statements of a victim of child molestation are admissible whenever the victim is available to appear at trial, whether or not the child is capable of understanding the nature of an oath and thus regardless of age or degree of comprehension. See *In the Interest of K. T. B.*, 192 Ga. App. 132, supra.

The purpose of cross-examination is to test the intelligence, memory, accuracy and veracity of the witness. *Ledford v. State*, 89 Ga. App. 683 (1) (80 SE2d 828) (1954). At lease one of the purposes of the right to confrontation is to test the certitude and credibility of the accuser when brought face to face with the accused. See *Coy v. Iowa*, 487 U. S. 1012 (108 SC 2798, 101 LE2d 857) (1988).

OCGA § 24-9-5 (b) expressly leaves credibility to the determination of the jury. So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility, taking into consideration the child's maturity and ability to withstand the pressure and intimidation of the courtroom environment. The manner in which the witness responds to cross-examination is, itself, evidence as to credibility.

The child was called as an unsworn witness by the court and defendant had unlimited opportunity to examine. Her unresponsiveness to a number of questions as put by him did not constitute a deprivation of his constitutional confrontation right so as to require that her out-of-court statements be stricken. The Sixth Amendment right "includes the right to conduct reasonable cross-examination. *Davis v. Alaska*, 415 U. S. 308, 315-316 (94 SC 1105, 39 LE2d 347) (1974)." *Olden v. Kentucky*, 488 U. S. 227, 231 (109 SC 480, 102 LE2d 513) (1988). This he was allowed to do. Defendant was not restricted by

the court in any way. Cf. *Delaware v. Van Arsdall*, 475 U. S. 673 (106 SC 1431, 89 LE2d 674) (1986). See *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987); see also *Sosebee v. State*, 190 Ga. App. 746, 748 (2) (380 SE2d 464) (1989).

Nor was the child rendered unavailable to testify in terms of OCGA § 24-3-16. Her silence itself was evidence, as the jury could observe her demeanor as each question was posed. A witness' responsiveness or unresponsiveness, evasiveness or directness, verbal skills, intelligence, memory, perception, and apparent understanding are all factors which can be assessed by the jury and may raise a reasonable doubt.

The fact that defendant was unable to elicit more was not an infringement of his rights nor the result of any court-imposed or law-imposed barrier. The statutory right of cross-examination in Georgia is broad, *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990), although it may sometimes be difficult to exercise as a practical matter in the circumstances expressly provided for in OCGA §§ 24-3-16 and 24-9-5 (b). A defendant is not denied the right to a thorough and sifting cross-examination when the witness appears to answer as well as he or she is capable of answering. *Holmes v. State*, 224 Ga. 553, 561 (9) (163 SE2d 803) (1968).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1990.

*May & Horkan, Dwight H. May*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.