## A91A0334. JONES v. THE STATE.
(407 SE2d 85)

Pope, Judge.

Defendant Louis R. Jones, Jr. was convicted of molestation of a seven-year-old child and appeals. Although he filed two enumerations of error, he acknowledges in his brief that the argument for both enumerations is the same: He argues the trial court erred in failing to instruct the jury that the testimony of the victim failed to corroborate "to any acceptable degree" the hearsay testimony of two adult witnesses who testified concerning what the victim had told them about the defendant's acts.

First, we note that defendant requested no such instruction and is thus precluded from raising this issue as error. See *Cleveland v. State*, 192 Ga. App. 659 (3) (386 SE2d 169) (1989). This is not a case in which the charge to the jury must be reviewed despite defendant's failure to raise the issue below, pursuant to OCGA § 5-5-24 (c), because the charge as given did not contain substantial error and was not harmful as a matter of law.

The Child Hearsay Statute, OCGA § 24-3-16, creates an exception to the hearsay rule for statements made by a child under the age of 14 describing any act of sexual abuse "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony. See *Reynolds v. State*, 257 Ga. 725 (4) (363 SE2d 249) (1988).

This case was tried after the effective date of the child witness statute, OCGA § 24-9-5 (b). "OCGA §§ 24-3-16 and 24-9-5 must be construed together. . . . OCGA § 24-9-5 (b) expressly leaves credibility to the determination of the jury. So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility. . . . Her silence itself was evidence, as the jury could observe her demeanor as each question was posed. A witness' responsiveness or unresponsiveness, evasiveness or directness, verbal skills, intelligence, memory, perception, and apparent understanding are all factors which can be assessed by the jury and may raise a reasonable doubt." (Indentions omitted.) *Bright v. State*, 197 Ga. App. 784, 785-786 (4) (400 SE2d 18) (1990). The trial court prop-

erly instructed the jury on the credibility of witnesses and the burden of proof. No duty existed to charge the jury that the victim's own testimony must corroborate the testimony of others concerning her out-of-court statements.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 20, 1991.

*Hobart M. Hind,* for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.