## A92A0653. BYRD v. THE STATE.
### (419 SE2d 111)

JOHNSON, Judge.

A jury convicted Charles Ray Byrd of molesting his four-year-old niece, J. B. He appeals.

1. Byrd contends that the trial court erred in allowing the hearsay statements of J. B. to her parents and a caseworker to be admitted as evidence.

At the trial of the case sub judice, the court permitted J. B.'s parents and a caseworker to testify as to statements made to them by J. B. regarding incidents of sexual abuse inflicted upon her by Byrd. The trial court allowed such hearsay testimony after determining that J. B. was available to testify, in accordance with OCGA § 24-3-16 (the Child Hearsay Statute) and OCGA § 24-9-5. J. B. took the stand, answered preliminary questions, but refused to answer any questions pertaining to the substance of the charges levied against Byrd.

Byrd contends on appeal that the inability of J. B. to testify in

response to questions relating to the charges against him rendered her legally unavailable. Furthermore, he contends that the child's "unavailability" precluded him from thoroughly cross-examining her as to the veracity of the hearsay statements made against his interests by her parents and the caseworker which resulted in a violation of his Sixth Amendment Right to confrontation. His contentions are without merit.

The instant case is controlled by the opinion in *Bright v. State*, 197 Ga. App. 784, 785 (400 SE2d 18) (1990). In *Bright* supra, this court stated: "So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility . . . The manner in which the witness responds to cross-examination is, itself, evidence as to credibility." *Bright*, supra. "A witness' responsiveness or unresponsiveness, evasiveness or directness . . . are all factors which can be assessed by the jury and may raise a reasonable doubt. [Cit.]" *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85) (1991). Accordingly, we find that Byrd's right to confront and cross-examine J. B. was protected in spite of the child's unresponsiveness on cross-examination as to the merits of the case brought against him.

2. Byrd further contends that there was insufficient evidence to support his conviction beyond a reasonable doubt.

At the trial of the instant case, evidence was presented indicating that Byrd placed paper inside J. B.'s vagina and rubbed his penis on parts of her body. Additional evidence was produced of two similar transactions in which Byrd touched the vagina of another niece, an adolescent.

It is apparent from the record that sufficient evidence was produced at trial such that a rational trier of fact could have found Byrd guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the jury's verdict shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1992.

*Clyde M. Urquhart,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Christopher A. Fra-*

*zier, Charles K. Higgins, Assistant District Attorneys,* for appellee.