A95A2086. IN THE INTEREST OF L. R., a child.
(466 SE2d 653)

McMURRAY, Presiding Judge.

A delinquency petition was filed in the Juvenile Court of Gwinnett County, Georgia, alleging that on March 15, 1995, the fifteen-year-old minor, L. R., committed three delinquent acts constituting the offenses of aggravated assault (if committed by an adult) by shooting a firearm, hitting one victim. According to a complaint filed with the juvenile court, L. R. "shot into a vehicle with a pistol striking an occupant in the vehicle." In a separate delinquency petition filed at the same time, it was alleged that on March 11, 1995, L. R. committed two other delinquent acts constituting the offenses of aggravated assault (if committed by an adult) by pointing a firearm at the heads of two victims. The State moved to transfer L. R. to the jurisdiction of the superior court for trial as an adult on felony charges. After a hearing, the juvenile court determined that reasonable grounds existed to believe L. R. had committed the delinquent acts alleged; that L. R. was not committable to an institution for the mentally retarded or mentally ill; and that it was in the best interests of the child and the community that he be prosecuted as an adult. Consequently, the juvenile court ordered the cases transferred to the superior court. This direct appeal followed. *Held*:

1. In his first enumeration, L. R. contends the trial court erred in finding that the State's notice of motion for transfer to the superior court was sufficient under OCGA § 15-11-39 (a) (2). In reply to the juvenile court's direct inquiry as to the sufficiency of notice, however, L. R. admitted receipt of the State's written motion and interposed

no objection. Rather, he proceeded on the merits of that motion. We find that any valid objection to the sufficiency of notice was waived thereby. See *In the Interest of W. J. G.*, 216 Ga. App. 168, 170 (1), 171 (453 SE2d 768).

2. In three related enumerations, L. R. challenges the sufficiency of the evidence to support the juvenile court's order to transfer.

On March 15, 1995, Adam Rudabaugh was a passenger in a gray 1987 Chevrolet Nova driven by Emily Stoddard. After he exchanged rude gestures with the driver of an unusual maroon truck, the driver "pulled a gun on me," and fired three or four shots. One bullet struck Adam Rudabaugh "right at the center of [his] chest above [the] sternum and below [the] throat." Christopher Watts was driving his vehicle which had just been passed by the dark red full-sized pickup. He observed as an "arm came out of the left window and fired three or four shots into the gray car, the gray Nova." L. R.'s mother informed Detective Victor Pesaresi that L. R. "was driving her deceased husband's . . . maroon Ford pickup, '85, black vinyl top, low rider." Kathleen Bass was a passenger in that truck on March 15, 1995, and identified L. R. as the driver. She carried bullets in her backpack for L. R. and gave him "[f]our or five," after the shooting. As to the March 11, 1995, incident, Jacob Charles Cobb identified L. R. as the driver of a truck who "pulled a gun out and stuck it at Chris Sherrill's head. . . ." The driver also "waved it kind of . . ." at Jacob Charles Cobb. This evidence is sufficient to provide reasonable grounds to believe that L. R. committed the delinquent acts alleged in the petition. *In re R. B.*, 264 Ga. 602, 603 (1) (448 SE2d 690). It is undisputed that L. R. was at least 14 years of age at the time of the alleged delinquent acts. Accordingly, a transfer to the superior court for prosecution as an adult was mandated by OCGA § 15-11-39 (b). These enumerations are without merit.

3. In his fifth enumeration, L. R. contends the juvenile court erred in admitting a photographic lineup. He argues that the lineup was unduly suggestive and that the "State failed to lay necessary foundation that the photographs of L. R. were taken in conformity with O.C.G.A. § 15-11-60 (g)." This Code section provides: "Without the consent of the judge, a child shall not be photographed after he or she is taken into custody unless the case is transferred to another court for prosecution." (The 1995 amendment changed the designation subsection (g), effective and applicable in the case sub judice, to subsection (e)).

(a) The transcript shows that Detective Pesaresi identified State's Exhibit Number 2 as the "photo lineup that [he] constructed with the picture of L. R." Counsel for L. R. initially objected to the "photo lineup identification process . . . [because] the picture number five that [four witnesses identified] as being of L. R. has a differ-

ent background than the other pictures in the spread." We have examined the photographs in State's Exhibit 2 and conclude that this circumstance did not make the photographic lineup procedures unduly suggestive. *Brewer v. State*, 219 Ga. App. 16 (6) (463 SE2d 906).

(b) Counsel subsequently objected on the ground that, "if L. R. was in custody at the time this photograph was obtained, [then it] would be our right to be notified." The State's attorney explained she could not have notified opposing counsel because it was "Detective Burnett [himself and not the State's attorney who] obtained the order from the Court. . . ." Although that order does not appear of record, the consent of the juvenile court to the custodial photograph of the minor is implicit in its ruling to admit the exhibit over objection. See, e.g., *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148). Consequently, this enumeration is without merit.

4. Detective Pesaresi conducted a custodial interview of L. R. and this interview was videotaped. Over L. R.'s "best evidence" objection, the juvenile court allowed Detective Pesaresi to testify from his recollection as to incriminating custodial statements made to him by L. R., and this evidentiary ruling is enumerated as error. L. R. contends it was improper to allow Detective Pesaresi "to summarize the [incriminating custodial] statements made by L. R. . . . instead of admitting the entire videotaped statement into evidence." We disagree. The contents of a conversation or statement which are captured on videotape are not subject to a "best evidence" objection because the "best evidence" rule applies only to writings. *Perkins v. State*, 260 Ga. 292, 295 (7) (392 SE2d 872). The juvenile court did not err in permitting L. R.'s custodial statements to be related by an ear witness to the statements.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 3, 1996.

*Rich & Smith, Randolph G. Rich*, for appellant.
*Daniel J. Porter, District Attorney, Karen Reed, Assistant District Attorney*, for appellee.