A97A1671. SMITH v. THE STATE.
(491 SE2d 194)

McMURRAY, Presiding Judge.

Defendant Jerry Lee Smith was charged in a special presentment with aggravated child molestation (Count 1), and three counts of child molestation. The evidence adduced at his jury trial revealed the following: the victim, five years old at the time of the incidents, was observed bothering other kindergarten students. According to Karen Smith, the victim's teacher, this "meant that [the victim] had been pinning her [the other student] down to the bus seat, kissing her and pulling down her pants. So [Ms. Smith] talked to [the victim] about the situation and she said it happened. She said, 'Jerry did it to me.' . . . She said, 'He would pull my pants down and he would kiss me,'" whereupon Ms. Smith notified the Department of Family & Children Services and also the victim's foster parents. Kim Wilson, a child abuse investigator for the Polk County Department of Family & Children Services, interviewed the victim. Ms. Wilson "asked her did she know about private parts and had anyone touched her on the private parts, and she said that Jerry had. [Ms. Wilson] asked her who Jerry was, and she said Jerry Smith," i.e., defendant. "She said he was a man that stayed at her house some. That's how she described him."

The victim told Ms. Wilson that "Jerry wanted her to sleep with him when he would stay at her house. And he would come and get her from her bed and take her to his bed and would take down her pajama bottoms and panties. She state[d] that he touched her on her privates and that he would have her rub lotion on him." The victim further told Ms. Wilson "that he [defendant] would touch her private parts with his hand and with his finger. And she would state that he would put his mouth on her private part." The child demonstrated this with anatomically correct dolls. "She then took the male doll,

pulled down its pants, exposed the penis and then put the penis up to the female doll's vaginal area. She didn't try to insert it. She put it to there and said that that hurt. And then she said that this had happened several times with Mr. Smith."

Robin Boatner, the victim's foster mother, also related statements made by the victim. When Ms. Boatner was questioning the victim about her behavior on the bus, the victim stated, " 'Everybody does me that way.' " When asked "what she meant when she said everybody does her that way, [the victim] said that Jerry and [another adult male] had done her that way. . . . She said that he [Jerry] put his mouth on her privates and put his fingers in her privates." Ms. Boatner "asked her where her mother was at the time, and she said her mother was there. That they did her mother the same way, and that her mother would just tell her to kick them and make them leave her alone."

Special Agent Russell Lee Andrews of the Georgia Bureau of Investigation interviewed defendant at the Polk County Police Department. After being informed of his rights, defendant agreed to make a statement. "He indicated that at times, [the victim] would wake up in the middle of the night and that she would come over and get into the bed with him. He said at times she would have her underwear on and sometimes she had her underwear off. He indicated that on several occasions he had taken his hand and had touched [the victim's] vaginal area with his hand. He also indicated on several occasions [the victim] had bounced up and down on his face in such a way where her vaginal area would have touched his mouth."

Although the court called the victim to the stand for purposes of cross-examination, the then-six-year-old would not respond orally to any questions but would merely shake or nod her head. The jury acquitted defendant of all three charges of child molestation but found him guilty of aggravated child molestation as alleged in Count 1 of the special presentment. After the court received evidence of defendant's prior conviction for incest, defendant was sentenced to serve 30 years imprisonment. From the judgment of conviction and sentence entered on the jury's verdict defendant brings this direct appeal. *Held*:

1. Over defendant's objection that the answer "would be bolstering," the State's Attorney was permitted to ask Kim Wilson if the victim "ever change[d] what she [said] happened to her involving [defendant]?" Ms. Wilson answered: "No, sir. She never changed from the first interview to the second. She was able to give me more detail, but she did not change anything she said." This evidentiary ruling is enumerated as error.

The Supreme Court of Georgia "stated in *Gibbons v. State*, 248

Ga. 858, 862 (286 SE2d 717) (1982), that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), [the Supreme Court] extended the *Gibbons* rule to prior consistent statements. In *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985), [the Supreme Court] stated that inquiry into impermissible bolstering no longer is necessary following *Cuzzort*, supra." *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431). In the case sub judice, Ms. Wilson's testimony that the victim's statements were consistent from one interview to the other was admissible over defendant's objection as to bolstering. Accord *Richardson v. State*, 256 Ga. 746, 747 (5) (353 SE2d 342).

2. Over defendant's objection that the recording of an interview of the victim would be the "best witness" as to what transpired during that interview, the trial court permitted Kim Wilson to testify that the victim did not tell the interviewer, Mrs. Aldridge, anything different; that the victim has "always been consistent with her story." This evidentiary ruling is enumerated as error.

Defendant's stated objection is truly in the nature of a "best evidence" objection. "The contents of a conversation or statement which are captured on videotape are not subject to a 'best evidence' objection because the 'best evidence' rule applies only to writings. *Perkins v. State*, 260 Ga. 292, 295 (7) (392 SE2d 872)." *In the Interest of L. R.*, 219 Ga. App. 755, 757 (4) (466 SE2d 653). Despite defendant's invitation to apply the "best evidence" rule to videotapes, we are not at liberty to disregard the binding precedent of the Supreme Court of Georgia. In the case sub judice, the trial court did not err in permitting an ear witness to the victim's interview relate the substance of the statements she heard.

3. When the trial court called the victim as a witness, the six-year-old child refused to answer most direct questions, and then responded only with a shake or a nod of her head, never articulating a response. Since the victim refused to testify, defendant concluded that cross-examination was both futile and dangerous. He moved to strike all testimony about statements made by the victim to the adults who did testify. The overruling of that motion to strike is enumerated.

"The Child Hearsay Statute, OCGA § 24-3-16, creates an exception to the hearsay rule for statements made by a child under the age of 14 describing any act of sexual abuse 'if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.' The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony. See *Reynolds v. State*,

257 Ga. 725 (4) (363 SE2d 249) (1988)." *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85). "OCGA § 24-9-5 (b) expressly leaves credibility to the determination of the jury. So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. . . . If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility, taking into consideration the child's maturity and ability to withstand the pressure and intimidation of the courtroom environment. The manner in which the witness responds to cross-examination is, itself, evidence as to credibility." *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18). " 'A witness' responsiveness or unresponsiveness, evasiveness or directness . . . are all factors which can be assessed by the jury and may raise a reasonable doubt. (Cit.)' [Cit.]" *Byrd v. State*, 204 Ga. App. 252 (1), 253 (419 SE2d 111).

In the case sub judice, the trial court did not err in refusing to strike the testimony of the adult witnesses who related the child's out-of-court statements to them, in which the victim described acts of sexual abuse and child molestation, in spite of the victim's unresponsiveness as a witness when called by the court. *Byrd v. State*, 204 Ga. App. 252 (1), 253, supra.

4. Defendant's fourth enumeration contends the trial court erred in denying his motion for directed verdict of acquittal, arguing the only competent evidence of aggravated child molestation is defendant's own statement, which shows at most only an accidental touching of his mouth to the child's vagina.

"Whether an act is committed with the requisite criminal intent is a question for the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6. See *Blanton v. State*, 191 Ga. App. 454 (1), 455 (382 SE2d 133)." *Cornelius v. State*, 213 Ga. App. 766, 767 (1), 768 (445 SE2d 800). The evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of committing aggravated child molestation as alleged in Count 1 of the special presentment. *Patterson v. State*, 212 Ga. App. 257 (1) (441 SE2d 414).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 12, 1997.

*Kenneth J. Jones*, for appellant.

*James R. Osborne, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.