## A03A1282. BELL v. THE STATE.
(589 SE2d 653)

MIKELL, Judge.

Curtis K. Bell was indicted for child molestation (two counts), aggravated sexual battery, and rape. The state nolle prossed the rape count, and the case proceeded to trial on the remaining charges. The jury convicted Bell of one count of child molestation and of aggravated sexual battery. The offenses were merged for sentencing purposes, and Bell was sentenced to 15 years in confinement. On appeal, Bell asserts that the trial court erred by admitting child hearsay testimony and by charging the jury that a child's hearsay statements need not be corroborated. In addition, Bell challenges the sufficiency of the evidence to support his convictions. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only decide if the evidence

---

was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

So viewed, the evidence shows that in November 1996, the victim, four-year-old A. D., complained of itching in her vaginal area to her day-care provider, Brenda Giles. Giles looked in A. D.'s underwear and saw a thick green discharge. According to Giles, A. D. said, "Curt had done it and made it hurt. . . . She said that he put his finger on her and wiped her off with some Vaseline." Giles called A. D.'s father, Adrian Bowe. Bowe and Giles took A. D. to Hughes Spaulding Children's Hospital, where testing revealed that the child had contracted gonorrhea.

Jeffrey Simon, M.D., who examined A. D., testified that when he questioned her, the child pointed to her vagina and stated that someone had put his fingers inside and that it hurt. According to Dr. Simon, A. D. also indicated that the person had rubbed her vagina with a Vaseline-coated tissue and had put a pillow over her face. A. D.'s father testified that when he asked his child what had transpired, "she said Curtis had put a pillow over her face, got on top of her and stuck his finger in her." When Bowe asked her where, A. D. pointed between her legs, at her rear.

The state introduced similar transaction evidence showing that Bell had molested his own three-year-old daughter, T. B., in October 1996, one month prior to the crimes for which Bell was on trial. T. B.'s mother, I. B., testified that when T. B. returned from a visit with Bell, she indicated that Bell had put his penis on her vagina. I. B. noticed bloody scratches in her child's panties. When I. B. confronted Bell, he claimed that T. B. had scratched herself. T. B., who was six years old at the time of trial, testified that Bell had put his "thing" on her and that it felt bad.

1. Bell first argues that the trial court erred by permitting Giles, Bowe, and Dr. Simon to testify to A. D.'s hearsay statements concerning Bell's molestation of her. We disagree.

In accordance with the Child Hearsay Statute, OCGA § 24-3-16,

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

[2] Id.

In the instant case, Bell contends that A. D. was unavailable because she was unresponsive to courtroom examination. The record reflects that the trial court examined the child in chambers and determined that she was competent and available to testify, as required by OCGA §§ 24-3-16 and 24-9-5 (b). When A. D. subsequently entered the courtroom, she initially seated herself in the witness chair. However, after seeing Bell, the child exited the chair and sat on the floor. The trial court permitted the business partner of A. D.'s father to sit on the witness stand and hold A. D. on his lap. A. D. refused to respond to the state's questions, however. Defense counsel did not attempt to question the child.

A. D.'s demeanor did not render her unavailable within the meaning of OCGA § 24-3-16. Rather, it affected her credibility, which was an issue for the jury to decide.

> So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial . . . , the jury must decide the child's credibility.[3]

"A witness' responsiveness or unresponsiveness, evasiveness or directness are all factors which can be assessed by the jury and may raise a reasonable doubt."[4] We find that A. D. was made available to the defense, that counsel chose not to cross-examine her, and that the jury was permitted to assess her credibility. Therefore, the trial court did not err in admitting the complained-of testimony pursuant to OCGA § 24-3-16.

2. Nor did the trial court err by charging the jury that a child's hearsay statements need not be corroborated. "The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony."[5] Accordingly, a jury instruction on this principle of law was proper, contrary to Bell's contention.

---

[3] *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990). Accord *Smith v. State*, 228 Ga. App. 144, 146-147 (3) (491 SE2d 194) (1997).

[4] (Punctuation omitted.) *Smith*, supra at 147 (3), citing *Byrd v. State*, 204 Ga. App. 252 (1) (419 SE2d 111) (1992).

[5] (Citations and punctuation omitted.) *Smith*, supra at 146 (3).

3. Finally, Bell contends that the evidence was insufficient to support his convictions because they were based on inadmissible hearsay. However, as we held in Division 1, A. D.'s hearsay statements were properly admitted into evidence. Therefore, this enumerated error is meritless.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 5, 2003.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.