COBB, Judge,
concurring in part and concurring in the result in part.
I agree with the majority’s conclusions and analysis in Parts I, III, and IV of the main opinion. I write specially to address the issue raised in Part II. I agree with the majority’s conclusion in Part II, that the taped statement was admissible because G.N.Y. was an available witness.
Our sister state of Georgia has examined a question similar to the one now before us. Although Georgia’s statutory scheme[6] concerning child victims of sexual abuse *33 differs from that of Alabama’s,[7] its purpose, like the purpose of Alabama’s, is to assure trustworthiness of hearsay statements made against a defendant and to assure the accused the Sixth Amendment Right to confront his accuser. I cite to the Court of Appeals of Georgia’s rationale in support of the finding that G.N.Y. was available to testify.
“ ‘So long as the witness is made available for confrontation and cross-examination, the defendant’s rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child’s accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child’s credibility ... The manner in which the witness responds to cross-examination is, itself, evidence as to credibility.’ Bright [v. State, 197 Ga.App. 784, 785, 400 S.E.2d 18, 20 (1990)]. ‘A witness’ responsiveness or unresponsiveness, evasiveness or directness ... are all factors which can be assessed by the jury and may raise a reasonable doubt. [Cit.]’ Jones v. State, 200 Ga.App. 103, 407 S.E.2d 85 (1991). Accordingly, we find that Byrd’s right to confront and cross-examine J.B. was protected in spite of the child’s unresponsiveness on cross-examination as to the merits of the case brought against him.”
Byrd v. State, 204 Ga.App. 252, 253, 419 S.E.2d 111, 112 (1992)(quoting Bright v. State, 197 Ga.App. 784, 785, 400 S.E.2d 18 (1990)); accord, Hines v. State, 248 Ga.App. 752, 548 S.E.2d 642 (2001); Smith v. State, 228 Ga.App. 144, 491 S.E.2d 194 (1997).
I point out what I consider the correct rationale, although I acknowledge other jurisdictions reach the opposite result when examining this question. See People v. Coleman, 205 Ill.App.3d 567, 563 N.E.2d 1010, 150 Ill.Dec. 883 (1990)(a child victim of -sexual abuse who stopped testifying and would not proceed was considered an unavailable witness even though she testified for a short time before she stopped); State v. Lonergan, 505 N.W.2d 349, 353 (Minn.Ct.App.1993)(nine-year-old victim of sexual abuse found to be unavailable to testify after appearing in court but refusing to answer questions even after the trial court instructed him to do so; it is unclear whether the child victim had taken the stand and been sworn in); Hennington v. State, 702 So.2d 403 (Miss.1997)(10-year-old sexual-abuse victim held unavailable where he refused, after being instructed by the trial court, to take the stand and testify); McGriff v. State, 781 A.2d 534 (Del.Super.Ct.2001)(child victim of sexual abuse found to be unavailable to testify after taking the stand and then refusing to testify to pertinent elements of the crime).
Although other jurisdictions have decided this issue differently, I agree with the rationale used by the Georgia appellate court. Therefore, I concur in the result as to Part II of the majority’s opinion.

. "Testimony as to child's description of sexual contact or physical abuse.”
“A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.”
Ga.Code Ann., § 24-3-16 (Lexis Nexis 2003). This statute was amended in 1995 to add the highlighted language "or performed with or on another in the presence of the child.” However, that amendment was found to be unconstitutional in Woodard v. State, 269 Ga. 317, 496 S.E.2d 896 (1998).

. "The Child Physical and Sexual Abuse Victim Protection Act” §§ 15-25-30 through -40, Ala.Code 1975.