S06A0450. CHAPMAN v. THE STATE.
(629 SE2d 220)

CARLEY, Justice.

Damien Chapman and Reginald Murphy were indicted and tried jointly for the murder of Chapman's mother, Jenell Sanders, during the commission of aggravated assault. A jury found them guilty, but, on appeal, the convictions and life sentences were reversed. *Chapman v. State*, 273 Ga. 865 (548 SE2d 278) (2001). After retrial, Chapman and the co-defendant were again found guilty of felony murder and sentenced to life imprisonment. Murphy's conviction and sentence were affirmed in *Murphy v. State*, 280 Ga. 158 (625 SE2d 764) (2006). In this case, Chapman appeals from the judgment of conviction and life sentence entered on the jury's verdict finding him guilty of felony murder of his mother.[1]

1. Although Chapman does not enumerate the general grounds, an independent review of the record and transcript of the retrial shows sufficient evidence to authorize a rational trier of fact to find proof beyond a reasonable doubt of his guilt of felony murder while committing aggravated assault against Ms. Sanders. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Murphy v. State*, supra at 159 (1); *Chapman v. State*, supra at 867 (1).

2. Citing *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), Chapman urges that the trial court erred in admitting hearsay evidence of prior difficulties between himself and his mother. To the extent that the contested evidence consists of "out-of-court statements that the victim had made to police officers during the course of the officers' investigations of complaints made by the victim against [Chapman,]" it was inadmissible hearsay. *Bell v. State*, 278 Ga. 69, 72 (3) (597 SE2d 350) (2004). However, a *Crawford* violation is harmless where "the hearsay . . . was cumulative of other admissible evidence. [Cit.]" *Gay v. State*, 279 Ga. 180, 182 (2) (611 SE2d 31) (2005). A review of the record shows the existence of such additional admissible evidence here, including the testimony of Ms. Sanders' close personal friends recounting what she told them about the difficulties she was experiencing with her son. *Bell v. State*, supra. See also *Gay v. State*, supra; *Brown v. State*, 278 Ga. 810, 811 (3) (607 SE2d 579) (2005). Those " 'uncontradicted statements made to one[s]

---

[1] The homicide occurred on or before August 12, 1997. The grand jury returned an indictment against Chapman and Murphy on October 16, 1997. The guilty verdict at the retrial was returned on May 28, 2003 and, on that same day, the trial court entered the judgment of conviction and imposed the life sentence. Chapman filed a motion for new trial on June 4, 2003, which the trial court denied on September 7, 2005. He filed a notice of appeal on October 6, 2005, and the case was docketed in this Court on November 9, 2005. The appeal was submitted for decision on January 2, 2006.

in whom the deceased declarant placed great confidence and to whom she turned for help with her problems . . . are admissible under the necessity exception. (Cits.)' [Cit.]" *Chapman v. State*, supra at 870 (4) (b).

3. Chapman enumerates as error the failure to grant a mistrial when two witnesses for the State mentioned on direct examination that the juvenile court had placed him on probation. In both instances, the trial court determined that the comment was volunteered by the witness, and was not elicited by the prosecutor's questions. Accordingly, the trial court instructed the jury to disregard the references, and denied the motions for mistrial. Under the circumstances, "[w]e find this remedial measure to have been satisfactory. Hence, the mistrial motions were properly denied." *Culler v. State*, 277 Ga. 717, 719 (3) (594 SE2d 631) (2004).

4. The trial court refused to give a requested charge on concealing the death of another as a lesser included offense of felony murder. Chapman contends that this was error. However, the two offenses have entirely different elements and require proof of totally different facts. Thus, the crime of concealing a death, as defined in OCGA § 16-10-31, is not included, as a matter of fact or law, in felony murder during the commission of aggravated assault. *State v. Jones*, 274 Ga. 287, 290 (2) (553 SE2d 612) (2001) (holding that a count charging a violation of OCGA § 16-10-31 "does not charge either murder or a lesser included offense thereof. . . .").

There was a showing that, after the homicide, Chapman did try to conceal his mother's death, but that evidence was not essential to the State's proof of Chapman's guilt for the murder itself. Since an instruction on concealing Ms. Sanders' death as a lesser included offense in her murder was not authorized, the trial court properly refused to give it.

5. Chapman urges that the trial court erred in connection with the jury instruction on the principle of grave suspicion. The same assertion was thoroughly considered and found to be without merit in the co-defendant's appeal. *Murphy v. State*, supra at 159 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006 —
RECONSIDERATION DENIED MAY 19, 2006.

*Blend & Michael, James D. Michael*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.