637 S.E.2d 151 (2006)
In the Interest of S.S., a child.
No. A06A1289.
Court of Appeals of Georgia.
October 5, 2006.
*152 Monica N. Hamlett, Assistant Public Defender, for Appellant.
Scott L. Ballard, District Attorney, Josh W. Thacker, Griffin Judicial Circuit, Fayetteville, for Appellee.
ADAMS, Judge.
Following a bench hearing, the Juvenile Court of Upson County adjudicated S.S. delinquent on the charge of child molestation, which S.S. committed when he was 14 years old. He appeals, arguing that the only evidence supporting a finding of delinquency was inadmissible hearsay and that the admissible evidence was insufficient to support an adjudication of delinquency.
The juvenile court judge allowed the six-year-old victim's mother, sister and the investigating officer to testify about statements made to them by the victim concerning the molestation. Following the close of the State's case, defense counsel indicated she wanted to call the victim to the stand for the purpose of cross-examination. The judge conferred with the prosecutor, and agreed they did not want to have the victim testify in the courtroom. Defense counsel posed no objection, and the juvenile court judge suggested they take the microphone into his chambers and conduct the examination of the witness there. Defense counsel again did not object to this procedure. Although the *153 proceedings in chambers were not transcribed, following the return to the courtroom, the juvenile court judge recited on the record that it was not in the best interest of the child to be questioned, "given the fact that we can't get any information out of the young lady." Defense counsel then moved for a dismissal of the petition, arguing that the hearsay testimony of the three witnesses was inadmissible because the child was not available for cross-examination. The juvenile court judge denied the motion, finding that
as far as availability, she is here. She sat back there. And we had an opportunity to talk to her. Now as far asas whether or not she's going to give us any information, it appears that . . . she's not going to talk to us. We all sat out there andand tried to warm up this child and she won't talk to us. And, now, I'm not going to let you browbeat this child. It's not in that child's best interest.
Relying on Hines v. State, 248 Ga. App. 752, 548 S.E.2d 642 (2001), S.S. contends that the juvenile court erred by allowing the witnesses to testify concerning the statements the victim made to them about the molestation because she was not "available" to testify within the meaning of OCGA § 24-3-16. In Hines, the child would not take the stand and the trial court excused the child without him ever being sworn and examined as a witness. Id. at 754, 548 S.E.2d 642. In that circumstance, we held that the child was "unavailable" within the meaning of OCGA § 24-3-16, and the statements the child made to his mother were inadmissible. Id.
However, there is also a line of cases[1] in which we have held that a child who is uncommunicative, unresponsive or evasive during questioning is available within the meaning of OCGA § 24-3-16. As we explained in Bright v. State, 197 Ga.App. 784, 400 S.E.2d 18 (1990),
[s]o long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility, taking into consideration the child's maturity and ability to withstand the pressure and intimidation of the courtroom environment. The manner in which the witness responds to cross-examination is, itself, evidence as to credibility.
Id. at 785(4), 400 S.E.2d 18.
The State argues that since this case was being tried before the juvenile court judge, and not a jury, this case is distinguishable from Hines and should be governed by Bright and similar cases. We agree. Although the attempt to examine the child occurred in the judge's chambers and not in open court, and although it does not appear that the child was actually placed under oath, the juvenile court judge, as the trier of fact, witnessed the child's demeanor and unresponsiveness. Having observed the child's unwillingness or inability to answer questions, the judge then made a legal ruling that the child was available but that no further purpose would be served by having the child examined in the open courtroom. "The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion." (Citation and punctuation omitted.) Fiek v. State, 266 Ga.App. 523, 524(1), 597 S.E.2d 585 (2004). We find no abuse of discretion under the particular circumstances of this case.
S.S. also argues the statements were inadmissible under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and Georgia cases applying *154 Crawford, because the hearsay statements were testimonial in nature and he did not confront and cross-examine the child. Although the Supreme Court did not provide a comprehensive definition of "testimonial" statements, they include, at the very least, statements made by witnesses to government officers investigating a crime. Jenkins v. State, 278 Ga.App. 598, 605-606(2), 604 S.E.2d 789 (2004), and cites. However, the statements the child made to her sister and her mother about the molestation were not testimonial and thus did not run afoul of Crawford. Gonzalez v. State, 277 Ga.App. 362, 367-368(4), 626 S.E.2d 569 (2006) (statements made with no reasonable expectation that they would be used at a later trial were not testimonial in nature). Thus, even assuming for the sake of this argument that the officer's statement was wrongly admitted, that evidence was merely cumulative of other properly admitted testimony, and its admission does not require reversal. Chapman v. State, 280 Ga. 560(2), 629 S.E.2d 220 (2006) (A Crawford violation is harmless where the inadmissible testimony was cumulative of other admissible evidence.).
The properly admitted evidence was sufficient to support the adjudication of delinquency based upon the acts charged. In the Interest of M.C.A., 263 Ga.App. 770, 589 S.E.2d 331 (2003); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Judgment affirmed.
BLACKBURN, P.J., and MIKELL, J., concur.
NOTES
[1] Bell v. State, 263 Ga.App. 894, 896, 589 S.E.2d 653 (2003); Smith v. State, 228 Ga.App. 144, 146(3), 491 S.E.2d 194 (1997); Byrd v. State, 204 Ga.App. 252, 253(1), 419 S.E.2d 111 (1992).