## A09A0913. STEGALL v. THE STATE.
### (677 SE2d 441)

BLACKBURN, Presiding Judge.

LaQuanda Stegall appeals her conviction on two counts of cruelty to children,[1] asserting that the trial court erred in denying her motion to either declare a mistrial based on the admission of hearsay statements made by one of Stegall's victims or, in the

---

[1] OCGA § 16-5-70.

alternative, to strike such hearsay testimony. Finding that the trial court properly admitted the hearsay statements pursuant to OCGA § 24-3-16, we affirm.

Viewed in the light most favorable to the verdict, *Daugherty v. State*,[2] the record shows that Stegall was indicted on three counts of cruelty to children. Count 1 of the indictment charged Stegall with abusing the daughter of her live-in boyfriend, while Counts 2 and 3 charged Stegall with abusing her own daughter. Both of the girls were three years old at the time of the abuse and, sometime after Stegall's indictment, the State placed both of the victims into foster care. At trial, the girls' foster mother testified as to statements Stegall's daughter had made to her, that Stegall and her live-in boyfriend had each abused both of the girls. The State also presented Stegall's daughter as a witness, but she refused to answer questions from either the prosecutor or from defense counsel.[3] Defense counsel thereafter moved for a mistrial or, in the alternative, to have the foster mother's testimony regarding the hearsay statements of Stegall's daughter stricken from the record. The trial court denied that motion, and the jury subsequently convicted Stegall on Counts 1 and 3 of the indictment but acquitted her of Count 2. The trial court entered judgment on the jury's verdict, and this appeal followed.

OCGA § 24-3-16 provides, in relevant part, that "[a] statement made by a child under the age of 14 years describing any act of . . . physical abuse performed . . . on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings. . . ." On appeal, Stegall argues that her daughter's refusal to answer questions at trial meant she was unavailable to testify within the meaning of this statute. This Court, however, has previously considered and rejected identical arguments in a number of cases, beginning with *Bright v. State*.[4]

*Bright* explicitly held that the availability requirement of OCGA § 24-3-16 is met whenever the victim takes the stand, even if the victim "is uncommunicative or unresponsive." Supra, 197 Ga. App. at 785 (4). *Bright* explained:

> The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a

---

[2] *Daugherty v. State*, 283 Ga. App. 664, 665 (642 SE2d 345) (2007).

[3] At the time of trial, Stegall's daughter was four years old.

[4] *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990).

child, who has reported [abuse] to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility, taking into consideration the child's maturity and ability to withstand the pressure and intimidation of the courtroom environment. The manner in which the witness responds to cross-examination is, itself, evidence as to credibility.

Id. See also *Bell v. State*[5] (child-victim's refusal to respond to questions on direct examination did "not render her unavailable within the meaning of OCGA § 24-3-16" but merely "affected her credibility"); *Jones v. State*[6] ("[t]he law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony").

This Court has also expressly rejected Stegall's argument that this interpretation of the availability requirement of OCGA § 24-3-16 violates a defendant's Sixth Amendment right to confront witnesses against her. "So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected," (punctuation omitted) (*McGarity v. State*[7]), and "[a] defendant is not denied the right to a thorough and sifting cross-examination when the witness appears to answer as well as he or she is capable of answering." *Bright*, supra, 197 Ga. App. at 786 (4).

Here, "[i]t is undisputed that the victim was available to appear at trial, and in fact, took the witness stand. . . . Consequently, the out-of-court statements were admissible," and the trial court did not err in denying Stegall's motion for a mistrial or in refusing to strike the testimony at issue.[8] *McGarity*, supra, 212 Ga. App. at 21 (4). We therefore affirm Stegall's conviction.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 9, 2009.

---

[5] *Bell v. State*, 263 Ga. App. 894, 896 (1) (589 SE2d 653) (2003).

[6] *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85) (1991).

[7] *McGarity v. State*, 212 Ga. App. 17, 21 (4) (440 SE2d 695) (1994).

[8] Although Stegall does not raise this argument specifically, the trial court should have excluded the testimony concerning the out-of-court statements Stegall's daughter made regarding Stegall's abuse of her boyfriend's daughter. See *Woodard v. State*, 269 Ga. 317, 323 (3) (496 SE2d 896) (1998). Any such error was harmless, however, because the foster mother also testified as to statements the boyfriend's daughter made directly to the foster mother, that Stegall had abused her, and the boyfriend's daughter also testified at trial. See *Estep v. State*, 238 Ga. App. 170, 173 (3) (518 SE2d 176) (1999).

*Drummond & Swindle, Jason W. Swindle, Word & Simmons, Maryellen Simmons*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.